**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 0:17-cv-61125-MGC**

TRUDY REYNOLDS, individually and on behalf
of all others similarly situated,

Plaintiff,

v.

USHEALTH ADVISORS, LLC, a Texas limited liability
company, MICHAEL SMOOT, individually, and
DONALD DENTE, individually,

Defendants.
_______________________________________________/

**DEFENDANT USHEALTH ADVISORS, LLC'S**
**<u>RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM</u>**

Defendant, USHEALTH Advisors, LLC ("USHEALTH") hereby files its Response to Plaintiff TRUDY REYNOLDS's Statement of Claim (DE 16), and states as follows:

**A. Statement of Facts**

USHEALTH never placed, authorized, or knew about any telemarketing calls allegedly made by any independent contractors as alleged in the Complaint. Moreover, USHEALTH was not aware that Defendant Michael Smoot ("Smoot") was generating leads for "new business through telemarketing" as alleged by Plaintiff. Rather, unbeknownst to USHEALTH, an independent contractor for USHEALTH, Timothy Herndon ("Herndon"), apparently engaged Smoot's company, GSI Global, to generate leads for Herndon's insurance business. As USHEALTH was not aware of any telemarketing, it also never authorized or knew about the use of prerecorded voice messages or an autodialer to place telemarketing calls. In fact, USHEALTH specifically required (and still requires) every independent contractor, like

Herndon, to comply with all local, state, and federal laws, including the TCPA. Although Herndon was not authorized to bind USHEALTH, and although USHEALTH had no knowledge of what Plaintiff alleges occurred, Herndon had been told by Smoot that any telemarketing leads had opted-in and consented to receive telephone calls twice before any call transferred to Herndon (i.e., they were represented to be "double opt-in leads"), and that therefore the telemarketing was done in compliance with all applicable laws. Plaintiff alleges that Smoot purchased telephone numbers from third party, ZM Marketing; ZM Marketing has attested that it has never done business with USHEALTH. Similarly, USHEALTH had never heard of ZM Marketing as it was completely unaware of Smoot's alleged telemarketing.

**B. USHEALTH is Not Directly or Vicariously Liable for Alleged Violations**

USHEALTH cannot be held directly liable for violating the TCPA as it did not make or initiate any telephone calls to Plaintiff. Moreover, no vicarious liability exists here. *See, e.g.*, *Mey v. Pinnacle Sec., LLC*, No. 5:11CV47, 2012 WL 4009718, at *5 (N.D.W. Va. Sept. 12, 2012) (to prevail under a theory of vicarious liability, the plaintiff "must show that the actual caller 'acted as an agent' of [the defendant], 'that [the defendant] controlled or had the right to control them and, more specifically, the manner and means of the [solicitation] campaign they conducted.'"); *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1085 (C.D. Cal. 2012) (no vicarious liability where defendant did not direct or supervise the manner and means of telemarketing); *Kristensen v. Credit Payment Servs. Inc.*, No. 2:12-CV-00528-APG, 2015 WL 4477425, at *3 (D. Nev. July 20, 2015) (holding no vicarious liability when there was "no evidence that [the defendant] had either the legal or practical ability to control whether [third party] sent out unsolicited texts"); *Makaron v. GE Sec. Mfg., Inc.*, No. CV-14-1274-GW AGRX,

2015 WL 3526253 (C.D. Cal. May 18, 2015) (finding no vicarious liability exists simply because calls were placed "on behalf of" defendant).

Beyond Plaintiff's failure to plead any theory of vicarious liability in the Complaint, Plaintiff will be unable to prove that USHEALTH has any vicarious liability for Smoot's alleged conduct. USHEALTH was not aware of and never authorized or ratified the alleged telemarketing campaign; it also did not direct, supervise, or control the manner and means of Smoot's alleged telemarketing. Smoot retained full control over the personnel and equipment he used, and USHEALTH had no right to, and did not, exercise any control over it because USHEALTH was unaware the calls were happening. Finally, USHEALTH never gave Smoot the authority to conduct a telemarketing campaign, and would have discontinued working with Smoot had it been aware of any telephone calls made in violation of the TCPA.

**C. Plaintiff and the Putative Class Are Not Entitled to Damages Against USHEALTH**

Since USHEALTH cannot be directly liable for the alleged telephone calls, and because it is not vicariously liable for the telephone calls, Plaintiff will not be entitled to any damages against USHEALTH. Moreover, Plaintiff will be unable to prove her right to treble damages because USHEALTH was never aware of the telemarketing campaign and required all of its independent contractors to comply with all laws. Finally, all of the same arguments apply to preclude recovery against USHEALTH by any putative class members.

**D. No Class Should be Certified**

A class cannot be certified here because Plaintiff will be unable to establish the required Rule 23 elements. Plaintiff seeks to certify a class of persons who received calls from or on behalf of USHEALTH, but no one received such calls as explained above. Therefore, the numerosity, commonality, ascertainability, and typicality elements of class certification will fail.

Respectfully submitted this 4th day of August, 2017.

*/s/ Lauren Shoemake*
RICHARD W. EPSTEIN
Florida Bar No. 229091
Richard.Epstein@gmlaw.com
JEFFREY A. BACKMAN
Florida Bar No. 662501
Jeffrey.Backman@gmlaw.com
LAUREN SHOEMAKE
Florida Bar No. 94316
Lauren.Shoemake@gmlaw.com
GREENSPOON MARDER, P.A.
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: (954) 491-1120
Fax: (954) 213-0140

*Attorneys for Defendant USHEALTH Advisors, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 4, 2017, I electronically filed the above document using CM/ECF. I also certify that the foregoing document is being served this day on all counsel for records identified in the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel for parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Lauren Shoemake*
LAUREN SHOEMAKE

## SERVICE LIST

Scott D. Owens
Patrick C. Crotty
SCOTT D. OWENS, P.A.
3800 South Ocean Drive, Suite 235
Hollywood, Fl 33019
(954)589-0588; (954)337-0666-fx
scott@scottdowens.com
patrick@scottdowens.com
*Attorneys for Plaintiff*

Edward A. Broderick, *Pro Hac Vice*
BRODERICK & PARONICH, P.C.
99 High Street, Suite 304
Boston, MA 02110
(617)738-7080
ted@broderick-law.com
*Co-Counsel for Plaintiff*

Beth E. Terrell, *Pro Hac Vice*
Jennifer Rust Murray, *Pro Hac Vice*
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, WA 98103-8869
(206)816-6603; (206)350-3528-fx
bterrell@terrellmarshall.com
jmurray@terrellmarshall.com
*Co-Counsel for Plaintiff*

Michael Smoot
800 River Terrace
Prescott, WI 54021-7043
(623)261-4458
michaelsmootaz@gmail.com
*Appearing Pro Se* (via U.S. Mail)

Peter S. Baumberger
Michael F. Suarez
KUBICKI DRAPER, P.A.
400 N. Ashley Drive
Tampa, FL 33602-4318
(813)314-1155
psb@kubickidraper.com
psb-kd@kubickidraper.com
mfs@kubickidraper.com
*Attorneys for Defendant Donald Dente*

*/s/Lauren Shoemake*
LAUREN SHOEMAKE