**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 0:17-cv-61125-MGC**

TRUDY REYNOLDS, individually and on behalf of all other similarly situated,

Plaintiff,

v.

USHEALTH GROUP, INC., a Delaware Corporation; USHEALTH ADVISORS, LLC, a Texas limited liability company; MICHAEL SMOOT, individually; FLOYD T. HERNDON, individually; and DONALD DENTE, individually,

Defendants.
_______________________________________/

**DEFENDANT USHEALTH ADVISORS, LLC'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT**

Defendant, USHEALTH Advisors, LLC, ("Defendant"), through the undersigned counsel, hereby files its Answer and Affirmative Defenses to the First Amended Class Action Complaint (the "Complaint"), and in support thereof states as follows:

## I. PRELIMINARY STATEMENT

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, except Defendant admits that Plaintiff, Trudy Reynolds ("Plaintiff") purports to bring an action under the Telephone Consumer Protection Act, 47 U.S.C. §227 (the "TCPA").

2. Defendant denies the characterization of USHealth Advisors, LLC as "the marketing arm of USHealth Group", denies awareness of Defendant Smoot's alleged telemarketing, and is without knowledge or information sufficient to form a belief as to the truth

of the remaining allegations contained in Paragraph 2 of the Complaint, and therefore denies same.

3. Defendant denies the allegations contained in Paragraph 3 of the Complaint, except Defendant admits Plaintiff purports to bring a nationwide class action.

4. Defendant denies the allegations contained in Paragraph 4 of the Complaint.

## II. PARTIES

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and therefore denies same.

6. Defendant denies the allegations contained in Paragraph 6 of the Complaint, except Defendant admits that USHealth Group, Inc. is a Delaware corporation with its principal place of business at the listed address.

7. Defendant denies that it is doing business throughout the United States, but Defendant admits the remaining allegations contained in Paragraph 7 of the Complaint.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and therefore denies same.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and therefore denies same.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint, and therefore denies same.

## III. JURISDICTION & VENUE

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint, and therefore denies same.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint as they relate to the other Defendants, and therefore denies same. Defendant otherwise denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

## IV. STATUTORY BACKGROUND OF THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

14. Defendant denies Plaintiff's characterization of the TCPA as contained in Paragraph 14 of the Complaint, and refers to the TCPA for its content, meaning, and effect.

15. Defendant denies Plaintiff's characterization of the TCPA as contained in Paragraph 15 of the Complaint, and refers to the TCPA for its content, meaning, and effect.

16. Defendant denies Plaintiff's characterization of the TCPA as contained in Paragraph 16 of the Complaint, and refers to the TCPA for its content, meaning, and effect.

17. Defendant denies Plaintiff's characterization of the TCPA as contained in Paragraph 17 of the Complaint, and refers to the TCPA and FCC Rulings for their content, meaning, and effect.

18. Defendant denies Plaintiff's characterization of the TCPA as contained in Paragraph 18 of the Complaint, and refers to the TCPA and FCC Rulings for their content, meaning, and effect.

19. Defendant denies Plaintiff's characterization of the TCPA as contained in Paragraph 19 of the Complaint, and refers to the TCPA and FCC Rulings for their content, meaning, and effect.

20. Defendant denies Plaintiff's characterization of the TCPA as contained in Paragraph 20 of the Complaint, and refers to the TCPA and FCC Rulings for their content, meaning, and effect.

21. Defendant denies Plaintiff's characterization of the TCPA as contained in Paragraph 21 of the Complaint, and refers to the TCPA and FCC Rulings for their content, meaning, and effect.

22. Defendant denies Plaintiff's characterization of the TCPA as contained in Paragraph 22 of the Complaint, and refers to the TCPA and FCC Rulings for their content, meaning, and effect.

23. Defendant denies Plaintiff's characterization of the TCPA as contained in Paragraph 23 of the Complaint, and refers to the TCPA and FCC Rulings for their content, meaning, and effect.

24. Defendant denies Plaintiff's characterization of the TCPA as contained in Paragraph 24 of the Complaint, and refers to the TCPA and FCC Rulings for their content, meaning, and effect.

25. Defendant denies Plaintiff's characterization of the TCPA as contained in Paragraph 25 of the Complaint, and refers to the TCPA and FCC Rulings for their content, meaning, and effect.

26. Defendant denies Plaintiff's characterization of the TCPA as contained in Paragraph 26 of the Complaint, and refers to the TCPA and FCC Rulings for their content, meaning, and effect.

## V. FACTUAL ALLEGATIONS

### A. Factual Allegations Regarding Plaintiff

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, and therefore denies same.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, and therefore denies same.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, and therefore denies same.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and therefore denies same.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint, and therefore denies same.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint, and therefore denies same.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint, and therefore denies same.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint, including both subparts.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

**B. Factual Allegations Regarding Defendants**

39. Defendant admits the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant admits the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant admits the allegations contained in Paragraph 43 of the Complaint.

44. Defendant admits the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

## VI. CLASS ACTION ALLEGATIONS

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in Paragraph 61(a) of the Complaint.

63. Defendant denies the allegations contained in Paragraph 61(b) of the Complaint.

64. Defendant denies the allegations contained in Paragraph 61(c) of the Complaint.

65. Defendant denies the allegations contained in Paragraph 61(d) of the Complaint.

66. Defendant denies the allegations contained in Paragraph 62 of the Complaint.

67. Defendant denies the allegations contained in Paragraph 63 of the Complaint.

68. Defendant denies the allegations contained in Paragraph 64 of the Complaint.

69. Defendant denies the allegations contained in Paragraph 65 of the Complaint.

70. Defendant denies the allegations contained in Paragraph 66 of the Complaint.

## VII. FIRST CLAIM FOR RELIEF
## (Violations of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(A))

71. Defendant realleges and reincorporates its responses to the foregoing paragraphs herein.

72. Defendant denies the allegations contained in Paragraph 68 of the Complaint.

73. Defendant denies the allegations contained in Paragraph 69 of the Complaint.

74. Defendant denies the allegations contained in Paragraph 70 of the Complaint.

## I. (sic)[1] SECOND CLAIM FOR RELIEF
## (Knowing and/or Willful Violations of the [TCPA], 47 U.S.C. § 227(b)(1)(A))

75. Defendant realleges and reincorporates its responses to the foregoing paragraphs herein.

76. Defendant denies the allegations contained in Paragraph 72 of the Complaint.

77. Defendant denies the allegations contained in Paragraph 73 of the Complaint.

## VIII. PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief requested in the Wherefore clause, and specifically denies the relief requested by Plaintiff in paragraphs A through M.

[1] On page 12 of the Amended Complaint, Plaintiff's header before the second cause of action restarts at Roman numeral I rather than VIII.

**AFFIRMATIVE DEFENSES**

1. The claims of Plaintiff and the proposed class are barred, in whole or in part, by the doctrine of consent. Plaintiff and members of the proposed class consented to receive calls.

2. The claims of Plaintiff and the proposed class are barred, in whole or in part, to the extent Plaintiff and members of the proposed class failed to mitigate their damages, and as a result, any judgment for Plaintiff must be reduced by any portion of damages which could have been avoided had appropriate steps been taken.

3. Plaintiff and the members of the proposed class lack standing to assert their alleged claims since they did not suffer any damages.

4. Plaintiff and the proposed class fail to state a plausible claim upon which relief can be granted under any theory of action under the TCPA because Defendant did not send or initiate sending the alleged telephone calls to Plaintiff or members of the proposed class.

5. The claims of Plaintiff and the proposed class may be barred by the applicable statute of limitations to the extent any alleged telephone call was initiated more than four (4) years prior to the date of filing of the Complaint.

6. The claims of Plaintiff and the proposed class are barred, in whole or in part, because the telephone calls allegedly made were not unsolicited advertisements or telemarketing calls within the meaning of the TCPA.

7. The claims of Plaintiff and the proposed class for treble damages are barred because Defendant did not engage in knowing or willful misconduct.

8. The claims of Plaintiff and the proposed class are barred to the extent that any call was placed to a telephone shared by, assumed by, or otherwise associated with a person or

business who had consented to receive calls from Defendant, or who was not the subscriber of the telephone number called.

9. Plaintiff and the proposed class members' damages, if any, and none being admitted, were not caused by Defendant, but by another person or entity, including Plaintiff and the proposed class members, for whom Defendant is not responsible and over whose activities Defendant exercises no control and/or has no right to control.

10. Plaintiff and the proposed class members' claims may be barred because Defendant did not make or initiate the alleged telephone calls that are the subject of the Complaint, did not authorize any individual or entity to make the alleged telephone calls on its behalf, and did not control the manner and means by which the alleged telephone calls were made.

11. To the extent Plaintiff and the proposed class seek to hold Defendant liable under the TCPA for telephone calls it did not make, the TCPA does not provide for any such liability, including, but not limited to, strict "on behalf of" liability.

12. To the extent Plaintiff and the proposed class seek to hold Defendant liable under any theory of vicarious liability, no such claims have been pled nor does the law provide for such a remedy.

13. Plaintiff and the proposed class members' claims are barred because the imposition on Defendant of statutory damages and/or exemplary/punitive damages under the TCPA would violate the Due Process provisions of both the United States Constitution and the Florida Constitution.

14. Defendant complied with all statutory, regulatory, and common law requirements and accordingly, Plaintiff and the proposed class members' claims are barred by Defendant's compliance with all applicable state, federal, and local laws and regulations.

15. Plaintiff and the proposed class members' claims may be barred because the TCPA violates Defendant's First Amendment right to free speech. Typically, the TCPA improperly inhibits the exercise of constitutionally protected speech.

16. Plaintiff and the proposed class members' claims may be barred because the TCPA, within the context of a class action, is violative of Defendant's constitutional rights under the Eighth Amendment prohibition against excessive fines and cruel and unusual punishment.

17. Maintenance of this action as a class action is inconsistent with the legislative intent of the TCPA in that the United States Congress intended that claims under the TCPA proceed as individual actions.[2]

18. Plaintiff and the proposed class members' claims may be barred by the doctrine of ratification.

19. Plaintiff and the proposed class members' claims may be barred by the doctrine of collateral estoppel.

---

6. The TCPA's legislative history supports a conclusion that class actions were not intended, but rather that Congress envisioned the statute as providing a private right of action to consumers receiving the specifically prohibited communications, allowing them to pursue the statutory damages of $500 in small claims court without an attorney. In holding that a class action could not proceed under the TCPA, one Federal District Court determined that "[t]he statutory remedy is designed to provide adequate incentive for an individual plaintiff to bring suit on his own behalf. … A class action would be inconsistent with the specific and personal remedy provided by Congress to address the minor nuisance of unsolicited facsimile advertisements." *See Forman v. Data Transfer, Inc.*, 164 F.R.D. 400, 404-05 (E.D. Pa. 1995).

20. Defendant hereby gives notice that in the event that this Court certifies a class of Plaintiffs, which Defendant disputes, it reserves the right to adopt and incorporate by reference each and every applicable defense pleaded to all members of such class. Further, Defendant hereby reserves the right to adopt and incorporate by reference each and every applicable defense pleaded by any other defendant in this case as if stated fully herein.

21. Defendant reserves the right to amend this Answer up and through the time of trial to assert any additional affirmative defenses, when and if, during the course of its investigation, discovery or preparation for trial, it becomes appropriate to assert such affirmative defenses.

WHEREFORE, Defendant, USHEALTH Advisors, LLC, respectfully requests that this Court enter judgment against Plaintiff in favor of Defendant, dismiss this action with prejudice, deny Plaintiff's request for class certification, award Defendant its reasonable attorneys' fees and costs incurred in defending this action, and for such other relief as this Court deems just and proper.

Respectfully submitted, this 29th day of August, 2017.

*/s/ Lauren Shoemake*

RICHARD W. EPSTEIN
Florida Bar No. 229091
Richard.Epstein@gmlaw.com
JEFFREY A. BACKMAN
Florida Bar No. 662501
Jeffrey.Backman@gmlaw.com
LAUREN SHOEMAKE
Florida Bar No. 94316
Lauren.Shoemake@gmlaw.com
GREENSPOON MARDER, P.A.
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: (954) 491-1120
Fax: (954) 213-0140

*Attorneys for Defendant USHEALTH Advisors, LLC*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on August 29, 2017, I electronically filed the above document using CM/ECF. I also certify that the foregoing document is being served this day on all counsel for records identified in the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel for parties who are not authorized to receive electronically Notices of Electronic Filing.

**SERVICE LIST**

Jennifer Rust Murray, Esq.
Beth E. Terrell, Esq.
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, WA 98103-8869
(206) 816-6603
jmurray@terrellmarshall.com
bterrell@terrellmarshall.com
*Attorneys for Plaintiff Trudy Reynolds*

Peter S. Baumberger, Esq.
Michael F. Suarez, Esq.
KUBICKI DRAPER, P.A.
400 N. Ashley Drive
Tampa, FL 33602-4318
(813)314-1155
psb@kubickidraper.com
psb-kd@kubickidraper.com
mfs@kubickidraper.com
*Attorneys for Defendant Donald Dente*

Edward A. Broderick, Esq.
BRODERICK & PERONICH, P.C.
99 High Street, Suite 304
Boston, MA 02110
(617) 680-0049
ted@broderick-law.com
*Attorneys for Plaintiff Trudy Reynolds*

Scott D. Owens, Esq.
Patrick C. Crotty, Esq.
SCOTT D. OWENS, P.A.
3800 S. Ocean Drive, Suite 235
Hollywood, FL 33019
(954)589-0588
scott@scottdowens.com
pccrotty@gmail.com
*Attorneys for Plaintiff Trudy Reynolds*

Michael Smoot
800 River Terrace
Prescott, WI 54021-7043
(623)261-4458
michaelsmootaz@gmail.com
*Appearing Pro Se*

*/s/ Lauren Shoemake*
LAUREN SHOEMAKE