**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 0:17-cv-61125-COOKE/Goodman**

TRUDY REYNOLDS, individually and on behalf of all other similarly situated,

Plaintiff,

v.

USHEALTH GROUP, INC., a Delaware Corporation; USHEALTH ADVISORS, LLC, a Texas limited liability company; MICHAEL SMOOT, individually; FLOYD T. HERNDON, individually; and DONALD DENTE, individually,

Defendants.
_______________________________________/

**USHEALTH GROUP, INC.'S RULE 12(b)(2) MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

Defendant, USHEALTH GROUP, INC. ("UHG"), pursuant to Federal Rule of Civil Procedure 12(b)(2), files this Motion to Dismiss the Amended Class Action Complaint for Lack of Personal Jurisdiction ("Motion"), and in support hereof, states as follows:

## I. INTRODUCTION

UHG is not subject to personal jurisdiction in this Court. UHG has no contacts in the State of Florida or the Southern District and is not registered to conduct business in Florida; Florida is not UHG's "home". Moreover, UHG did not knowingly and voluntarily – or in any way acting with intent – direct any activity relating to Plaintiff's claims into the forum state. Plaintiff cannot apply the acts of another defendant, a distinct business entity, in attempting to hale UHG into court when no theory of alter-ego or veil piercing applies or has even been alleged. By Plaintiff's pleading, this case is not about the conduct of UHG, nor is it about some other person or entity acting "on behalf of" UHG. It is about an individual, Michael Smoot,

contracting with a third party to make calls supposedly for the benefit of Defendant Floyd T. Herndon's independent insurance agency. Not only are the allegations of the Amended Complaint insufficient to justify haling UHG into this Court, but the sworn facts set forth below demonstrate that those facts do not exist.

## II. FACTS REGARDING PLAINTIFF'S CLAIMS AND PERSONAL JURISDICTION OVER UHG

### A. Plaintiff's Allegations

*i. Allegations Regarding the Conduct at Issue.*

Plaintiff, Trudy Reynolds, alleges that she is a resident of Broward County, Florida, who supposedly received on her cellular telephone ***one*** unauthorized pre-recorded telephone solicitation. Amended Complaint ¶¶ 5, 28. Plaintiff alleges "the call consisted of a prerecorded message marketing USHealth's products." *Id.* at ¶ 29. No other details of the call are pleaded. Without supplying any basis or supporting facts, Plaintiff combines allegations against both UHG and Defendant USHEALTH Advisors, LLC ("ADVISORS"), defining them collectively as "USHealth". *Id.* at ¶ 2. Although the Amended Complaint actually concedes that ADVISORS, ***not UHG***, was the party alleged to have hired others to "increase its [ADVISORS] volume of business", *id.* at ¶¶ 2, 42 and 48, the Amended Complaint nonetheless improperly lumps allegations against ADVISORS and UHG together and conclusorily claims that "USHealth is directly liable for the telemarketing calls made by Defendant Smoot because it actively participated in those calls …", *id.* at ¶ 54, and that "USHealth knowingly and actively accepted business that originated through the illegal telemarketing calls from Defendant Smoot." *Id.* at ¶ 55.

Confusingly, the Amended Complaint alleges "USHealth maintains interim control over its agents' actions, both as to telemarketing and other activities, by directing the content of their

agents' advertising as well as approving the scripts used." *Id.* at ¶ 56. However, because the allegations lump two separate and distinct entities together, Plaintiff does not and cannot allege that UHG actually engages in any of the conduct described in the Amended Complaint. It is impossible, and certainly not sufficient for this Court to exercise personal jurisdiction over UHG, that these two Defendants did the exact same things at the exact same time. Indeed, Plaintiff and his counsel are well aware of the nature of the relationship(s) between ADVISORS (not UHG) and the independent contractors at issue in this case.[1] The Amended Complaint does not allege, because Plaintiff cannot allege, that UHG has any independent contractors to direct or control. In fact, UHG does *not* have *any* independent contractors, is a separate and distinct entity from ADVISORS, and is not licensed to, and does not transact business in, the State of Florida. Lumping allegations against UHG together with another defendant is the best Plaintiff can do, but it's not enough. Since the stated allegations of the Amended Complaint are insufficient for the Court to find personal jurisdiction, and considering those weak allegations are false as to UHG, this Court does not have personal jurisdiction over UHG.

*ii. Allegations Regarding Personal Jurisdiction over USHealth Group, Inc.*

For purposes of the Court's personal jurisdiction analysis, the self-serving unverified allegations of the Amended Complaint are as follows:[2]

- "[UHG] is Delaware corporation with a principal place of business is 300 Burnett Street, Suite 200 in Fort Worth, TX 76102";
- "[UHG] is registered to do and is doing business in Florida and throughout the United States";

[1] *See* the Independent Contractor Agreement between ADVISORS and Dente, produced to Plaintiff by Dente in the *DesJardins* lawsuit, and documents produced to Plaintiff by Herndon showing his relationship with ADVISORS.

[2] Questions of personal jurisdiction can be answered "by first determining whether a defendant can properly be served with process under the applicable state long-arm statute, and then inquiring if such service comports with constitutional principles of due process." *Sun Bank, N.A. v. E.F. Hutton & Co.*, 926 F.2d 1030, 1033 (11th Cir. 1991).

- "The Court has personal jurisdiction over ***Defendants*** because they have submitted to Florida jurisdiction by doing business in this state, and the wrongful acts alleged in this Complaint were committed, in part, in Florida. Furthermore, Plaintiffs allege that Defendants committed a tort in the State of Florida through their violation of the TCPA, and the commission of a tort in Florida, where the injury was suffered in Florida, is sufficient to confer personal jurisdiction under the Florida long-arm statute" (emphasis added);

- "[UHG] is an insurance company with a family of subsidiaries that offer life, health, accident, and disability insurance solutions";

- "[UHG] identifies [ADVISORS] as the 'marketing arm of USHEALTH Group'" or its "distribution arm";

- "[UHG and ADVISORS] work in conjunction to generate new business claiming that their 'target market is the individual American, the self-employed entrepreneur, the small business owner and his or her employees and their dependents'";

- "Pursuant to that agreement between the parties, USHealth Advisors, Herndon and Dente hired Defendant Smoot to market USHealth goods and services, which was the goal of the telemarketing campaign engaged in";

- "Defendant Herndon and Dente hired Defendant Smoot on USHealth's behalf, and with its knowledge";

- "Following Defendant Herndon and Dente's recommendation, USHealth contracted with Defendant Smoot to increase the volume of its customers";

*Amended Complaint*, ¶¶ 6, 12, 40, 43-44, 46, 48, 50, 51. Notably, the Amended Complaint does not allege that UHG contracted with any of the individuals who allegedly conducted the calling campaign, and its only allegation about personal jurisdiction lumps all "Defendants" together.

**B. <u>UHG Has No Contacts with This Jurisdiction</u>**

UHG is a Delaware corporation with its headquarters in Fort Worth, Texas.[3] As set forth in the attached Declaration of Konrad Kober, the Executive Vice President of UHG:

- UHG is a separate and distinct entity from co-defendant ADVISORS;

[3] The Declaration of Konrad Kober is attached hereto as Exhibit "A".

- Each company has its own governing board and holds separate meetings of its governing body;
- Each company makes independent decisions without the approval of the other, including but not limited to hiring decisions;
- Each company employs separate accounting procedures and maintains separate books and records;
- UHG does not maintain any corporate offices in the State of Florida, does not own, occupy or lease property in the State of Florida;
- UHG does not have any bank accounts or employees or mail box addresses or telephone phone numbers in the State of Florida and does not pay taxes in the State of Florida;
- UHG is not licensed to do business in Florida;
- UHG has not attempted to procure or solicit business or a business relationship from any individual or business entity within the State of Florida;
- UHG has never owned or operated a call center in Florida;
- UHG did not make or direct the telephone call alleged to have been made to Plaintiff – or any others like it.

*See generally* Ex. A.

UHG has no contacts whatsoever with the State of Florida or the Southern District of Florida. It has no employees in Florida. *Id.* at ¶ 9. UHG is not registered to offer insurance products in Florida. *Id.* at ¶ 10. The company owns no real or personal property here and has no physical facilities here. *Id.* at ¶ 8. Given that it has no property, no personnel, and no business interests in Florida, it is not surprising that UHG has not created or published any advertising material that is directed toward the state or the consumers here; nor does Plaintiff allege she ever saw any. *Id.* ¶ 12. UHG did not authorize any employees, independent contractors or third

parties or agents to place calls on its behalf in the State of Florida.[4] *Id.* ¶ 13.

## III. ARGUMENT AND AUTHORITY

### A. Florida's Jurisdictional Requirements

#### *i. Florida's Long-Arm Statute*

"A court is obligated to dismiss an action against a defendant over which it has no personal jurisdiction." *Smith v. Trans-Siberian Orchestra*, 689 F. Supp. 2d 1310, 1312 (M.D. Fla. 2010) (citing *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1214 n. 6 (11th Cir.1999)); *see also* Fed. R. Civ. P. 12(b)(2). As the TCPA is silent regarding service of process, state law informs whether the Court has personal jurisdiction over a defendant. *See Keim v. ADF MidAtlantic, LLC*, 199 F. Supp. 3d 1362, 1367 (S.D. Fla. 2016). The first step in a court's two-part analysis in determining whether it has personal jurisdiction over a defendant is to "determine whether the plaintiff has alleged facts sufficient to subject the defendant to Florida's long-arm statute." *Smith*, 689 F. Supp. 2d at 1312 (citing *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1249 (11th Cir.2000)).

Plaintiff must "plead sufficient material facts to establish a basis" for the Court to exercise personal jurisdiction over *each* Defendant. *Prentice v. Prentice Colour, Inc.*, 779 F. Supp. 578, 583 (M.D. Fla. 1991). "General allegations" against defendants together, rather than particularized allegations regarding the applicability of the long-arm statute to each defendant, are insufficient. *Rogers v. Nacchio*, No. 05-60667-CIV, 2006 WL 7997562, at *7 (S.D. Fla. June

---

[4] In *Bagg v. USHealth Grp., Inc.*, No. 615CV1666ORL37GJK, 2016 WL 1588666, at *5 (M.D. Fla. Apr. 20, 2016), the court found that UHG was subject to personal jurisdiction for "fax blasting" that Plaintiff alleged was "sent" by UHG. While UHG believes that court's decision was incorrect, the facts alleged in *Bagg* are distinguishable from those here. Plaintiff alleges that Smoot made unlawful calls; that Smoot was hired by Herndon; Herndon was hired by Dente; and Herndon and Dente were both hired by ADVISORS. There are no non-conclusory facts demonstrating that UHG had any involvement in the calls at issue – directly or indirectly – and Plaintiff's effort to collectively define two separate and distinct entities as one is unavailing.

6, 2006), *aff'd in part, appeal dismissed in part*, 241 F. App'x 602 (11th Cir. 2007) (***dismissing certain defendants for lack of personal jurisdiction as the complaint did not allow the court to determine that "each Defendant committed a tortious activity causing injury in Florida"***). The Eleventh Circuit has stated:

> First, the plaintiff must allege sufficient facts in his complaint to initially support long arm jurisdiction before the burden shifts to the defendant to make a *prima facie* showing of the inapplicability of the statute. If the defendant sustains this burden, the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint.

*Polskie Linie Oceaniczne v. Seasafe Transport*, 795 F.2d 968 (11th Cir.1986) (citing *Electro Engineering Products Co., Inc. v. Lewis*, 352 So.2d 862 (Fla. 1977)). Moreover, in determining whether the complaint alleges sufficient jurisdictional facts to bring the action within Florida's long-arm statute, "any doubts about the applicability of the statute must be resolved in favor of the defendant and against a conclusion that jurisdiction exists." *Peruyero v. Airbus S.A.S.*, 83 F. Supp. 3d 1283, 1289 (S.D. Fla. 2014); *Navas v. Brand*, 130 So.3d 766 (Fla. 3d DCA 2014).

Here, Plaintiff was required to, but did not, allege facts satisfying Florida's Long-Arm Statute specific as to UHG (as opposed to combining two separate entities as one). *See Rogers*, 2006 WL 7997562, at *7. Plaintiff's Complaint does not even cite to Section 48.193, Florida Statutes. It is thus impossible to know under what section Plaintiff seeks to establish personal jurisdiction.

Plaintiff may be seeking to invoke the Long-Arm Statute's specific jurisdiction against UHG by merely pleading that ADVISORS is affiliated with and has contracts with individuals who allegedly organized the calls at issue; thereafter, Plaintiff improperly lumps allegations against UHG together with ADVISORS, even though Plaintiff later acknowledges that they are entirely separate and distinct entities. *See, e.g.*, *Lane v. Capital Acquisitions & Mgmt. Co.*, No.

04-60602 CIV, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006), *judgment entered*, 569 F. Supp. 2d 1268 (S.D. Fla. 2008) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the [plaintiff]'s Complaint fails to satisfy the minimum standard of Rule 8."); *Rogers*, 2006 WL 7997562. Plaintiff incorrectly alleges that UHG works "in conjunction", presumably in Florida, with ADVISORS to "generate business", and that UHG is supposedly licensed to do and does business in the State of Florida. Neither of these allegations is true, and regardless, they are insufficient to subject UHG to personal jurisdiction in the face of conflicting evidence.

The declaration submitted in support of this Motion establishes that:

- UHG is not licensed to conduct business in Florida
- UHG and ADVISORS are separate companies—they each have their own governing boards, hold separated governing body meetings, employ separate accounting procedures and maintain separate books and records, and each company makes independent decisions without the approval of the other, including but not limited to hiring decisions;
- UHG does not have bank accounts in Florida, does not have employees in Florida, does not have a mail box address or telephone number in Florida, and does not pay taxes in Florida;
- UHG has never owned or operated a call center in Florida;
- UHG has never authorized, directed or attempted to procure or solicit a business relationship with Defendants Michael Smoot, Floyd T. Herndon, or Donald Dente;
- UHG does not employ Defendants Michael Smoot, Floyd T. Herndon, or Donald Dente;
- UHG did not make or direct the making of the telephone calls in this case;
- UHG did not authorize any person to place calls on its behalf in the State of Florida.

*See* Ex. A.

Florida Statute § 48.193(1)(a), otherwise known as "specific jurisdiction," requires a "direct affiliation, nexus, or substantial connection to exist between the basis for the plaintiffs'

cause of action and the defendants' business activity in the state." *Kertesz v. Net Transactions, Ltd.*, 635 F. Supp. 2d 1339, 1346 (S.D. Fla. 2009) (citing *Gadea v. Star Cruises, Ltd*, 949 So. 2d 1143, 1149-50 (3rd DCA 2007)). But no such connection, nexus or affiliation can be proven here; thus, this section of the Long-Arm Statute is inapplicable. Moreover, by Plaintiff's own admission it was allegedly ADVISORS that hired Smoot, not UHG, so even were this Court to consider some theory of "agency" – again something not alleged – it would not be applicable to UHG. No facts alleged as against UHG satisfy this section of the Long-Arm Statute.

Florida's Long-Arm Statute also sets forth the basis for a finding of general jurisdiction against a non-resident defendant. Fla. Stat. § 48.193(2). However, the Supreme Court of the United States has clarified that to establish general personal jurisdiction over a corporate entity, its "affiliations with the State [must be] so 'continuous and systematic' as to render [it] essentially at ***home*** in the forum State,'" akin to the "paradigm bases for general jurisdiction" of a corporation's place of incorporation or principal place of business. *Daimler AG v. Bauman*, 134 S. Ct. 746, 760-61 (2013) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)). Since UHG has absolutely no contacts with the State of Florida, has not "engaged in substantial or not isolated activity within" Florida, Fla. Stat. § 48.193(2), and cannot be deemed "at home in the forum state", *Daimler AG*, 134 S. Ct. at 760, the general jurisdiction provision of Florida's Long-Arm Statute does not apply.

*ii. Constitutional Due Process and Minimum Contacts*

Assuming the Court finds that Plaintiff alleges facts that bring UHG within the ambit of Florida's Long-Arm Statute, which she did not, the Court must then determine whether Plaintiff has established "sufficient minimum contacts" between the nonresident defendant and Florida to satisfy Fourteenth Amendment due process – in short, whether a nonresident defendant "'should

reasonably anticipate being haled into court"' in Florida. *See Sun Bank, N.A. v. E.F. Hutton & Co.*, 926 F.2d 1030, 1034 (11th Cir. 1991) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286,297 (1980)). The due process analysis "imposes a more restrictive requirement" than the broad grant of jurisdiction under the Long-Arm Statute and is governed by precedent from the Supreme Court of the United States interpreting the Due Process Clause of the United States Constitution. *Carmouche v. Carnival Corp.*, 36 F. Supp. 3d 1335, 1342 (S.D. Fla. 2014), *aff'd sub nom. Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201 (11th Cir. 2015). The nonresident defendant generally must have "certain minimum contacts … such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316, (1945). The concept of minimum contacts has been clarified to encompass "only situations in which the defendant has 'purposefully avail[ed] [itself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Hanson v. Denckla*, 357 U.S. 235 (1958). The minimum contacts test is not one that is "formulaic or talismanic." *Id.* More importantly, minimum contacts do not exist where they are random, fortuitous, or attenuated. *See Walack v. Worldwide Mach. Sales, Inc.*, 278 F. Supp. 2d 1358, 1368 (M.D. Fla. 2003).

"For a State to exercise jurisdiction consistent with due process, the defendants' suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). This is a two part inquiry. "First, the relationship must arise out of contacts that the 'defendant *himself* ' created with the forum State." *Id.* at 1122 (emphasis in original) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). "Second, our 'minimum contacts analysis' looks to the defendant's contacts with the forum State itself, not the

defendant's contacts with persons who reside there." *Id.* Factors determinative of whether sufficient minimum contacts exist include "the foreseeability that the defendant's conduct will result in a suit in the forum state and the defendant's purposeful availment of the forum's privileges and protections." *Georgia Insurers Insolvency Pool v. Brewer*, 602 So.2d 1264, 1268 (Fla. 1992) (quoting *Burger King Corp.*, 471 U.S. 462 (1985)).

An analysis of the facts here reveals that UHG has not purposefully availed itself of the privilege of conducting activities in Florida. UHG does not have the requisite minimum contacts with the State of Florida to comport with the requirements of Due Process. It would be a stretch to even consider UHG's contacts with Florida as "random, fortuitous, or attenuated", *Walack*, 278 F.Supp.2d at 1368, as they are virtually nonexistent. Indeed, Konrad Kober's declaration establishes that UHG was not engaging in conduct in Florida such that it would foresee being haled into a Florida court, or that it purposefully availed itself of Florida's privileges and protections. *See Sun Bank, N.A. v. E.F. Hutton & Co.*, 926 F.2d 1030, 1034 (11th Cir. 1991) (no purposeful availment where there was no evidence the defendant did business in Florida or had "a continuing relationship or obligation there"). Instead, UHG has shown it has no offices in Florida, it is not licensed in Florida, it has no employees in Florida, and it does not maintain a mailing address or telephone listing in Florida. *See, e.g.*, *Thomas v. Brown*, 504 F. App'x 845, 848 (11th Cir. 2013) (no minimum contacts where the defendants "have no office, telephone, bank account, or property of any kind in the state of Florida", do not market themselves to Florida or conduct any matters related to the lawsuit in Florida). UHG simply lacks the type of activity with Florida such that it would offend notions of traditional play and substantial justice for it to be forced to defend this action in Florida.

**B. <u>The Complaint Does Not Plead Any Theory of Alter-Ego or Veil Piercing</u>**

To the extent Plaintiff tries in her opposition, personal jurisdiction cannot be found here simply because UHG has an "affiliation" with ADVISORS. "[A] foreign parent corporation is not subject to the jurisdiction of a forum state merely because a subsidiary is doing business there." *Sehringer v. Big Lots, Inc.*, 532 F. Supp. 2d 1335, 1345 (M.D. Fla. 2007) (citing *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1272 (11th Cir. 2002)). A parent and subsidiary are distinct corporate entities "and the presence of one in a forum state may not necessarily be attributed to the other." *Peruyero v. Airbus S.A.S.*, 83 F. Supp. 3d 1283, 1289 (S.D. Fla. 2014) (Cooke, J.). As this Court recognized:

> A court may properly assume personal jurisdiction over a corporate parent if the plaintiff can show that the subsidiary is an alter ego of a parent corporation, such that the corporate veil can be pierced. In order for a court to pierce the corporate veil, a plaintiff must show: (1) that the subsidiary is a mere instrumentality of the parent; and (2) improper conduct."

*Id.* (citing *Cross Country Home Servs., Inc. v. Home Serv. USA Corp.*, No. 08–61456, 2010 WL 55439 at *3 (S.D.Fla. Jan. 6, 2010)); *see also Atmos Nation LLC v. Alibaba Grp. Holding Ltd.*, No. 0:15-CV-62104-KMM, 2016 WL 1028332, at *6 (S.D. Fla. Mar. 15, 2016) (finding the plaintiff had not sufficiently pleaded either element to satisfy personal jurisdiction over a parent under *Peruyero*, based on the actions of a subsidiary).

There is not a single allegation in the Complaint about alter-ego or piercing the corporate veil. Those allegations are not made because they do not exist. ADVISORS is not the alter-ego of UHG, thus, even if actually alleged in the Complaint, personal jurisdiction cannot be established under an alter-ego theory. And ***Plaintiff cannot rely on allegations relating only to ADVISORS in order to hale UHG into Court***. *See Peruyero v. Airbus S.A.S.*, 83 F. Supp. 3d 1283, 1289 (S.D. Fla. 2014); *see also Rogers*, 2006 WL 7997562, at *7 (***dismissing certain***

***defendants for lack of personal jurisdiction due to "such general allegations" that did not allow the court to determine that "each Defendant committed a tortious activity causing injury in Florida"***).

## IV. CONCLUSION

UHG is not subject to personal jurisdiction in Florida as it is not subject to Florida's Long-Arm Statute and otherwise lacks sufficient minimum contacts with Florida to satisfy Due Process. Accordingly, UHG requests that this Honorable Court grant this Motion and dismiss Plaintiff's Amended Complaint against UHG for lack of personal jurisdiction, and for any other relief as the Court deems just and proper.

Respectfully submitted, this 16th day of October, 2017.

GREENSPOON MARDER, P.A.

*<u>/s/ Jeffrey A. Backman</u>*
RICHARD W. EPSTEIN
Florida Bar No. 229091
Richard.Epstein@gmlaw.com
JEFFREY A. BACKMAN
Florida Bar No. 662501
Jeffrey.Backman@gmlaw.com
LAUREN SHOEMAKE
Florida Bar No. 94316
Lauren.Shoemake@gmlaw.com
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: (954) 491-1120
Fax: (954) 213-0140

*Attorneys for Defendant USHealth Group, Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 16, 2017, I electronically filed the above document using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified in the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel for parties who are not authorized to receive electronically Notices of Electronic Filing.

## SERVICE LIST

Scott D. Owens
Patrick C. Crotty
SCOTT D. OWENS, P.A.
3800 South Ocean Drive, Suite 235
Hollywood, Fl 33019
(954)589-0588; (954)337-0666-fx
scott@scottdowens.com
patrick@scottdowens.com
*Attorneys for Plaintiff*

Edward A. Broderick, *Pro Hac Vice*
BRODERICK & PARONICH, P.C.
99 High Street, Suite 304
Boston, MA 02110
(617)738-7080
ted@broderick-law.com
*Co-Counsel for Plaintiff*

Beth E. Terrell, *Pro Hac Vice*
Jennifer Rust Murray, *Pro Hac Vice*
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, WA 98103-8869
(206)816-6603; (206)350-3528-fx
bterrell@terrellmarshall.com
jmurray@terrellmarshall.com
*Co-Counsel for Plaintiff*

Michael Smoot
800 River Terrace
Prescott, WI 54021-7043
(623)261-4458
michaelsmootaz@gmail.com
*Appearing Pro Se*

Peter S. Baumberger
Michael F. Suarez
KUBICKI DRAPER, P.A.
400 N. Ashley Drive
Tampa, FL 33602-4318
(813)314-1155
psb@kubickidraper.com
psb-kd@kubickidraper.com
mfs@kubickidraper.com
*Attorneys for Defendant Donald Dente*

Scott W. Atherton
Terence Michael Mullen
Brittany A. Tarazona
Atherton McAuliffe & Reeder PA
224 Datura Street, Suite 815
West Palm Beach, FL 33401
(561)293-2530; (561)293-2593-fx
scott@athertonlg.com
terence@athertonlg.com
brittany@athertonlg.com
*Counsel for Defendant Floyd T. Herndon*

*Jeffrey Backman*
JEFFREY A. BACKMAN