**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

**Case No.** 0:17-cv-61125

TRUDY REYNOLDS, individually and on behalf of all others similarly situated,

Plaintiff,

v.

USHEALTH GROUP, INC., a Delaware corporation; USHEALTH ADVISORS, LLC, a Texas limited liability company; MICHAEL SMOOT, individually; FLOYD T. HERNDON, individually; and DONALD DENTE, individually,

Defendants.
_____________________________________________/

**PLAINTIFF'S OPPOSITION TO DEFENDANT USHEALTH GROUP, INC.'S MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(B)(2)**

# TABLE OF CONTENTS


**Page**

INTRODUCTION ........................................................................ 1

BACKGROUND ........................................................................ 2

A. USHealth Advisors is USHealth Group's marketing agent ........................ 2

ARGUMENT ........................................................................ 3

A. Florida's long-arm statute brings USHealth Group within the jurisdiction of Florida courts ........................ 4

B. Plaintiff alleges more than a USHealth Group subsidiary doing business in Florida ........................ 7

C. This Court's exercise of personal jurisdiction over USHealth Group does not violate due process requirements ........................ 9

1. Plaintiff's claims arise directly out of the illegal call that creates a contact with Florida ........................ 9

2. USHealth Group purposefully availed itself of the privilege of Conducting business in Florida when its agents sent robocalls to Florida ........................ 10

3. Exercise of jurisdicition over USHealth Group comports with fair play and substantial justice ........................ 12

CONCLUSION ........................................................................ 14

## TABLE OF AUTHORITIES

**Page**

*Bagg v. USHealth Group., Inc.*,
No. 6:15-cv-1666-Orl-37GJK,
2016 WL 1588666 (M.D. Fla. Apr. 20, 2016) ........ *passim*

*Baker v. Caribbean Cruise Line, Inc.*,
No. CV 13-8246-PCT-PGR, 2014 WL 880634 (D. Ariz. Mar. 6, 2014) ........ 11

*Branham v. ISI Alarms, Inc.*,
No. 12-CV-1012 (ARR) (MDG),
2013 U.S. Dist. LEXIS 124933 (E.D.N.Y. Aug. 30, 2013) ........ 11

*Calder v. Jones*,
465 U.S. 783 (1984) ........ 10, 11

*Consolidated Dev. Corp. v. Sherritt, Inc.*,
216 F.3d 1286 (11th Cir. 2000) ........ 7

*Exist, Inc. v. Woodland Trading Inc.*,
No. 14-61354-CIV, 2015 WL 881407 (S.D. Fla. Mar. 2, 2015) ........ 10

*Fraser v. Smith*,
549 F.3d 842 (11th Cir. 2010) ........ 9

*Future Tech. Today v. OSF Healthcare Sys.*,
218 F.3d 1247 (11th Cir. 2000) ........ 13

*Hudak v. Berkley Grp., Inc.*,
No. 3:13-cv-00089-WWE,
2014 WL 354676 (D. Conn. Jan. 23, 2014) ........ 11

*Keim v. ADF MidAtlantic, LLC*
199 F. Supp. 3d 1362 (S.D. Fla. 2016) ........ 5, 14

*Lane v. Capital Acquisitions and Management Co.*,
No. 04-60602 CIV, 2006 WL 4590705 (S.D. Fla. Apr. 6, 2006) ........ 7

*Licciardello v. Lovelady*,
544 F.3d 1280 (11th Cir. 2008) ........ 3, 10, 11, 13

*Louis Vuitton Malletier, S.A. v. Mosseri*,
736 F.3d 1339 (11th Cir. 2013) ........ 4, 9, 10

*Luna v. Shac, LLC*,
No. C14-00607 HRL, 2014 WL 3421514 (N.D. Cal. July 14, 2014)..........................11

*Madara v. Hall*,
916 F.2d 1510 (11th Cir. 1990) ..........................................................................3

*Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*,
288 F.3d 1264 (11th Cir. 2002) ..........................................................4, 8, 9, 13

*Posner v. Essex Ins. Co., Ltd.*,
178 F.3d 1209 (11th Cir. 1999) ......................................................................4, 5

*Rogers v. Nacchio*,
No. 05-60667-CIV, 2006 WL 7997562 (S.D. Fla., June 6, 2006)..................................7

*State v. Am. Tobacco Co.*,
707 So.2d 851 (Fla. Dist. Ct. App. 1998) .......................................................8

*Stick Holsters, Inc. v. Ace Case Mfg., LLC*
No. 2:15-cv-648-FtM-29CM, 2016 WL 1436602 (M.D. Fla. Apr. 12, 2016).............10

**STATE CASES**

*Wendt v. Horowitz*,
822 So.2d 1252 (Fla. 2002)..........................................................................5

**FEDERAL RULES**

Fed. R. Civ. P. 4 ..........................................................................................3

**STATE STATUTES**

Fla. Stat. § 48.193(1)(a) ...........................................................................4, 5, 11

Plaintiff Trudy Reynolds ("Plaintiff") requests that the Court deny Defendant USHealth Group, Inc.'s Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction [ECF No. 59].

## INTRODUCTION

Plaintiff received a robocall marketing USHealth Group's insurance products. Plaintiff is a Florida resident and she received the illegal robocall in Florida on her cell phone, which has a Broward County (954) area code. This court has specific personal jurisdiction over Plaintiff's claims arising directly from the tortious telephone call directed to Florida by or on behalf of USHealth Group. USHealth Group's use of its wholly-owned subsidiary, Defendant USHealth Advisors, LLC—and its agents Defendants Michael Smoot, Floyd Herndon, and Donald Dente—to make robocalls on its behalf does not insulate USHealth Group from liability under the TCPA. Nor does it defeat this Court's jurisdiction over USHealth Group for claims related to the call its agents made to Plaintiff.

Plaintiff's complaint alleges that USHealth Advisors is USHealth Group's agent. [ECF No. 36 ¶¶ 2, 55–57, 61, 68–69, 72]. Plaintiff's complaint includes facts showing that USHealth Group holds out USHealth Advisors and the individual defendants as its agents. [*See* ECF No. 36 ¶¶ 40–47]. The conduct of USHealth Advisors, and its agents, in Florida and their contacts with Florida give rise to Plaintiff's claims. Those Florida contacts, which USHealth Group does not deny in its motion to dismiss and thus stand unrefuted, are attributed to USHealth Group for purposes of determining personal jurisdiction over USHealth Group.

USHealth Group has already tried—and failed—to escape a TCPA case in Florida federal court arguing lack of personal jurisdiction. In *Bagg v. USHealth Group., Inc.*, No. 6:15-cv-1666-Orl-37GJK, 2016 WL 1588666 (M.D. Fla. Apr. 20, 2016), the court rejected USHealth Group's

substantively similar motion in which USHealth Group asserted that USHealth Advisors' actions in violation of the TCPA did not bring USHealth Group within the jurisdiction of Florida courts. The allegations here are not materially different than those in *Bagg*. USHealth Group's argument to the contrary ignores the *Bagg* court's reliance on agency allegations to find personal jurisdiction.

## BACKGROUND

### A. USHealth Advisors is USHealth Group's marketing agent.

USHealth Group sells insurance products almost exclusively through its agent USHealth Advisors. ECF No. 36 ("FAC") ¶ 47; Appendix 1, Declaration of Jennifer Murray ("Murray Decl."); Ex. 1, 2, 3 to Appendix 1. USHealth Group's website identifies USHealth Advisors as its "marketing arm." ECF No. 36 ("FAC") ¶¶ 43, 44; Ex. 2 to Appendix 1. (printout of websites). USHealth Group encourages people to sign up as a USHealth Advisors agent to sell USHealth Group's "health coverage plans underwritten and insured by USHealth Group's family of insurance companies." FAC ¶ 45; Ex. 2 to Appendix 1.

USHealth Group is comprised of a "family of subsidiaries that offer life, health, accident, and disability insurance solutions." FAC ¶ 40. Those subsidiaries include The Freedom Life Insurance Company of America ("Freedom Life") and National Foundation Life Insurance Company ("National Foundation Life"), which are also wholly-owned subsidiaries of USHealth Group. Ex. 1 to Appendix 1. USHealth Group delegates both the marketing of its insurance products and the underwriting of its insurance products to its wholly-owned subsidiaries.

USHealth Advisors hired Defendants Dente and Herndon to increase its volume of business, giving them authority to find individuals who could increase revenues. FAC ¶ 42. USHealth Advisors, Herndon and Dente hired Defendant Smoot to market USHealth insurance products, which was the goal of the telemarketing campaign at issue in this case. FAC ¶ 48. Smoot

runs call centers and USHealth Advisors directly contracted with Smoot to increase customer volume. FAC ¶¶ 49–51. USHealth Group is liable for the telemarketing calls made by Smoot because it, or its agent USHealth Advisors, provided guidelines governing Smoot's calling campaigns, which included limiting geographically where Smoot could make calls to solicit business. FAC ¶ 54. Florida is one of the geographic territories Smoot was permitted to call. *Id.* USHealth Advisors and USHealth Group knowingly and actively accepted business originated through illegal telemarketing calls made by or on behalf of Smoot. FAC ¶ 55.

Smoot sent to Plaintiff's cell phone, which has the number (954) 683-XXXX, a prerecorded call marketing USHealth Group's insurance products. FAC ¶¶ 2, 28, 29. Smoot placed the call pursuant to an agreement with USHealth Advisors, the marketing arm of US Health Group. FAC ¶ 2, 50-51. The First Amended Complaint contains numerous factual and legal allegations regarding vicarious liability and agency. FAC ¶¶ 2, 19–25, 29, 35, 41, 43–58, 61(a) and (b), 68, 69, 72, 73.

## ARGUMENT

"A federal district court in Florida may exercise personal jurisdiction over a nonresident defendant to the same extent that a Florida court may, so long as the exercise is consistent with federal due process requirements." *Licciardello v. Lovelady*, 544 F.3d 1280, 1283 (11th Cir. 2008) (citing Fed. R. Civ. P. 4(e)(1), (h), and (k)). "If both Florida law and the United States Constitution permit, the federal district court may exercise jurisdiction over the nonresident defendant." *Id.*; *see also Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990) (requiring that both prongs be satisfied for a court to exercise personal jurisdiction over a nonresident defendant).

A plaintiff seeking to establish personal jurisdiction over a nonresident defendant "initially need only allege sufficient facts to make out a prima facie case of jurisdiction." *Posner v. Essex*

*Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir. 1999). If unrefuted, the Court accepts the well-pled facts as true. *Id.* at 1215. However, if the defendant submits non-conclusory declarations refuting the well-pled jurisdictional facts, then the burden "shifts back to the plaintiff to produce evidence supporting jurisdiction." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). If the record evidence conflicts, the Court must "construe all reasonable inferences in favor of the [plaintiff]." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1275 (11th Cir. 2002).

### A. Florida's long-arm statute brings USHealth Group within the jurisdiction of Florida courts.

Florida's long arm statute provides that an out-of-state defendant "who personally *or through an agent* does any of the acts enumerated in this subsection" submits itself to the jurisdiction of Florida courts "for any cause of action arising from" those acts. Fla. Stat. § 48.193(1)(a) (emphasis added). The enumerated acts include: "Committing a tortious act within this state." *Id.* § 48.193(1)(a)(2). The enumerated acts also include causing injury to persons in Florida if "at or about the time of the injury … the defendant was engaged in solicitation or service activities within this state." *Id.* § 48.193(1)(a)(6)(a). It is well established that agency principles apply when determining personal jurisdiction. *See Meier*, 288 F.3d at 1273 ("Personal jurisdiction over affiliated parties, whether a parent or another related subsidiary, is warranted when the resident corporation acts on behalf of those foreign affiliates.").

Plaintiff's claim arises from a tortious act committed in Florida, namely an illegal robocall received on her cell phone in Florida. Section 48.193(1)(a)(2) applies to a defendant's commission of tortious acts outside the state that cause injury inside the state. *See Posner*, 178 F.3d at 1209. "TCPA violations are tortious acts" within the meaning of Florida's long-arm statute. *Keim v. ADF MidAtlantic, LLC*, 199 F. Supp. 3d 1362, 1367 (S.D. Fla. 2016) (collecting cases). A defendant

commits a tortious act in Florida giving rise to personal jurisdiction under the statute when it—or its agent—makes "telephonic, electronic, or written communications into the State, provided that the tort alleged arises from such communications." *Wendt v. Horowitz*, 822 So.2d 1252, 1253 (Fla. 2002); *see also Keim*, 199 F. Supp. 3d at 1368 (denying motion to dismiss for lack of personal jurisdiction in a TCPA case because the plaintiff alleged that the defendant's agent sent an unlawful text message, so "those text messages are attributed to the [out-of-state] Defendants as their own acts for the purpose of determining personal jurisdiction").

Even if the unlawful robocall received in Florida was not tortious, it was a "solicitation" that caused injury to Plaintiff under section 48.193(1)(a)(6)(a). *See* FAC ¶¶ 29, 34 (the call advertised USHealth's products and was a "nuisance" that was "annoying and harassing").

Plaintiff has alleged sufficient facts to make out a prima facie case for personal jurisdiction over USHealth Group. Plaintiff alleges that resident Defendants Herndon and Dente are agents of USHealth Group either through a direct agency relationship or because they are the agents of USHealth Advisors, which is USHealth Group's agent. The First Amended Complaint points to USHealth Group's own public statements that USHealth Advisors is its "marketing arm" as evidence of agency. FAC ¶¶ 43–47. The declaration USHealth Group filed in support of its motion to dismiss, ECF No. 59-1, fails to rebut the jurisdictional facts pled in Plaintiff's complaint. The declaration contains no facts rebutting the allegations that USHealth Advisors is USHealth Group's marketing agent. It contains only the conclusory statement that USHealth Group "did not authorize any employees, independent contractors or third parties or agents to place calls on its behalf in the State of Florida." ECF No. 59-1 at ¶ 13. That carefully drafted sentence does not deny that USHealth Advisors is US Health Group's agent. The declaration fails to rebut the allegation that USHealth Group authorized USHealth Advisors to market its products—including by

telemarketing. FAC ¶¶ 54–58. Plaintiff's agency allegations are unrebutted and must be accepted as true. The illegal telemarketing calls made by USHealth Advisors or its agents are attributed to USHealth Group as its own for purposes of determining personal jurisdiction, just as the Middle District of Florida found in *Bagg*.

USHealth Group relegates its discussion of *Bagg* to a footnote. [ECF No. 59 at 6, fn. 4]. Its attempt to distinguish *Bagg* is misleading at best. The allegation in *Bagg* was that USHealth Advisors sent an illegal fax "on behalf of" USHealth Group. *Bagg*, 2016 WL 1588666, at *1. As here, USHealth Advisors answered the *Bagg* complaint, while USHealth Group sought dismissal on personal jurisdiction grounds. *Id.* The court denied USHealth Group's motion finding that the relevant jurisdictional allegations were: "(1) USH Group sells individual health insurance plans through its subsidiaries in the United States; (2) USH Group's wholly owned subsidiary—USH Advisors, a Texas corporation authorized to do business in Florida—sent faxes in violation of the TCPA to Plaintiffs and others similarly situated throughout Florida 'for the benefit of [USH Group]'; and (3) therefore, USH Group sent faxes in violation of the TCPA in Florida." *Id.* at *2. Plaintiff here alleges the same thing, that USHealth Advisors or its agents sent illegal robocalls to Floridians on behalf of USHealth Group and that those calls are attributable to USHealth Group under the long-arm statute. Contrary, to USHealth Group's representation, the allegation in *Bagg* was not that USHealth Group itself "sent" the illegal fax. ECF No. 59 at 6 n.4. The court found "that USH Advisors sent the Fax to advertise USH Group's products and services *on behalf of* USH Group." *Bagg*, 2016 WL 1588666, at *3 (emphasis added).

USHealth Group incorrectly argues that the allegations of Plaintiff's complaint are too general to support exercise of personal jurisdiction. *See* [ECF No. 59 at 6-7, 12-13]. Its reliance on *Rogers v. Nacchio*, No. 05-60667-CIV, 2006 WL 7997562 (S.D. Fla., June 6, 2006), is misplaced.

The *Rogers* court was faced with a 344-page complaint filed by pro se plaintiffs making RICO claims against 61 different defendants. *Id.* at *1. The plaintiffs there attempted to bring within this Court's jurisdiction numerous individual nonresident defendants, but did not "identify any activities of the individual Defendants." *Id.* at *7. In contrast, Plaintiff's complaint alleges an illegal call to a Florida resident on a specific date, for which all Defendants are either directly or vicariously liable. FAC ¶¶ 2, 28–29, 35, 43–58. Plaintiff makes specific factual allegations that support a finding that USHealth Advisors is USHealth Group's agent. FAC ¶¶ 43–47. US Health Group's declaration in support of its motion to dismiss does not dispute those facts. USHealth Advisors' acts are therefore imputed to USHealth Group under Florida's long-arm statute.

*Lane v. Capital Acquisitions and Management Co.*, No. 04-60602 CIV, 2006 WL 4590705 (S.D. Fla. Apr. 6, 2006), is irrelevant. There the court ruled that a complaint for wage violations against the corporate parent of the plaintiff's employer failed to satisfy the requirements of Rule 8. *Id.* at * 5. The plaintiffs sought to pierce the corporate veil but made no specific allegations about the parent's conduct. *Id.* As set forth above, Plaintiff alleges facts showing that USHealth Advisors is USHealth Group's agent.

**B. Plaintiff alleges more than a USHealth Group subsidiary doing business in Florida.**

Generally, a foreign parent corporation is not subject to the jurisdiction of a forum state merely because a subsidiary is doing business there. *See Consolidated Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000). "On the other hand, if the subsidiary is merely an agent through which the parent company conducts business in a particular jurisdiction…then the subsidiary's business will be viewed as that of the parent and the latter will be said to be doing business in the jurisdiction through the subsidiary for purposes of asserting personal jurisdiction."

*Meier*, 288 F.3d at 1272 (quoting Charles Alan Wright Arthur R. Miller, Federal Practice and Procedure § 1069.4 (3d ed. 2002) (citations omitted)).

When a subsidiary like USHealth Advisors acts as the agent of a parent company such as USHealth Group to advertise and sell its products, the parent may be considered to be doing business in the jurisdiction. *See Meier*, 288 F.3d at 1272. In *Meier*, the District Court for the Southern District of Florida dismissed claims again a Bahamian parent company that claimed, as USHealth Group does here, that it was not subject to suit in Florida based solely on the activities of its wholly owned U.S. subsidiary, which it claimed was a "legally separate entity." *Id*. at 1272–73.

The Eleventh Circuit reversed, holding that where a domestic subsidiary acts exclusively as an agent for a non-resident, parent corporation, "the activities of the domestic subsidiary [can] be imputed to the non-resident corporation for jurisdictional purposes." *Id*. ("The court may extend jurisdiction to any foreign corporation where the affiliated domestic corporation manifests no separate corporate interests of its own and functions solely to achieve the purpose of the dominant corporation.") (citing *State v. Am. Tobacco Co.*, 707 So.2d 851, 855 (Fla. Dist. Ct. App. 1998). In *Meier*, the Eleventh Circuit found that the foreign defendant parent company was subject to general jurisdiction in Florida where the domestic subsidiary coordinated domestic purchases of the parent company's products, coordinated domestic advertising and marketing for the parent company, shared certain individuals in positions of financial leadership, and "[did] not undertake any business activity for anyone other than" the parent corporation. *Id*.

As in *Meier*, USHealth Advisors acts exclusively for the benefit of USHealth Advisors. USHealth Group identifies USHealth Advisors as the "marketing arm of USHEALTH Group." *See* Ex. 2 to Appendix 1. USHealth Group states that USHealth Advisors "specializes in marketing

a portfolio of uncompromising health coverage plans underwritten and insured by USHealth Group's family of insurance companies."[1] Indeed, USHealth Advisors personnel sell USHealth Group products to all USHealth Group clients.[2]

### C. This Court's exercise of personal jurisdiction over USHealth Group does not violate due process requirements.

There is a three-part test to determine whether an exercise of specific jurisdiction comports with Due Process: (1) whether the plaintiff's claims "arise out of or relate to" at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant "purposefully availed" himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice." *Louis Vuitton*, 736 F.3d at 1355. "The plaintiff bears the burden of establishing the first two prongs, and if the plaintiff does so, a defendant must make a compelling case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice." *Id.* (citation omitted).

1. Plaintiff's claims arise directly out of the illegal call that creates a contact with Florida.

The relatedness inquiry turns on "the direct causal relationship among the defendant, the forum, and the litigation." *Fraser v. Smith*, 594 F.3d 842, 850 (11th Cir. 2010) (internal quotation omitted). Plaintiff's TCPA claim arises out of USHealth Group or its agents' act of sending robocalls advertising USHealth Group's products to Florida, where the Plaintiff resides. A "direct causal relationship" exists between USHealth Group, Florida, and this action; thus, the relatedness inquiry is satisfied. *See Louis Vuitton*, 736 F.3d at 1355.

---

[1] http://www.ushealthgroup.com/NewsReader.aspx?id=12.
[2] *See* http://www.ushealthgroup.com/AboutUSHG.aspx.

2. <u>USHealth Group purposefully availed itself of the privilege of conducting business in Florida when its agents sent robocalls to Florida.</u>

When the plaintiff alleges an intentional tort, purposeful availment is satisfied when either of two tests is satisfied: (1) the *Calder* "effects test"; and (2) the traditional "minimum contacts" test. *See id.* at 1356–58 (citing *Calder v. Jones*, 465 U.S. 783 (1984)).

Purposeful availment exists under the *Calder* effects test. Under *Calder*, "a nonresident defendant's single tortious act can establish purposeful availment, without regard to whether the defendant had any other contacts with the forum state." *Louis Vuitton*, 736 F.3d at 1356; *see also Calder*, 465 U.S. at 789–90. The *Calder* effects test requires that the tort: (1) be intentional; (2) be aimed at the forum state; and (3) cause harm that the defendant should have anticipated would be caused in the forum state. *Sticky Holsters, Inc. v. Ace Case Mfg., LLC*, No. 2:15-cv-648-FtM-29CM, 2016 WL 1436602, at *5 (M.D. Fla. Apr. 12, 2016) (citing *Licciardello*, 544 F.3d at 1286–87). Purposeful availment is "relatively easy to establish in intentional tort cases." *Exist, Inc. v. Woodland Trading Inc.*, No. 14-61354-CIV, 2015 WL 881407, at *4 (S.D. Fla. Mar. 2, 2015) ("Essentially, a person who commits an intentional tort may be subject to personal jurisdiction in the state where the victim of that tort lives because, by directing the effects of the tort at the victim's home, the tortfeasor has purposefully availed himself or herself of the jurisdiction of the victim's state."). Although the court ruled in *Bagg* that "purposeful availment exist under the Calder effects test," 2016 WL 1588666, at * 4, USHealth Group failed to even address Calder in its opening motion.

Plaintiff's First Amended Complaint alleges that USHealth Advisors, through its agent, intentionally sent the calls to Florida. USHealth Advisors "conducts business" in Florida for the benefit of USHealth Group and in order promote its goods and services. Courts have repeatedly held that sending a message into a forum state in violation of the TCPA, as here, confers specific

personal jurisdiction over the defendant.[3] *See* [ECF No. 36 ¶¶ 40, 48, 50-51, 54-56]. Second, USHealth Advisor's actions were aimed at the forum state, as Plaintiff is a Florida resident. *See* FAC ¶¶ 5, 54. Third, the pre-recorded calls failed to satisfy the requirements of the TCPA, and therefore USHealth Advisors should have known they would cause—and did cause—harm in Florida when sent to Plaintiff.[4]

These allegations are sufficient to establish purposeful availment under the *Calder* effects test. *See Licciardello*, 544 F.3d at 1287–88 (finding allegations of "the commission of an intentional tort, expressly aimed at a specific individual in the forum whose effects were felt in the forum" sufficient to satisfy the *Calder* effects test); *see also Exist*, 2015 WL 881407 at *4 (S.D. Fla. Mar. 2, 2015) (finding purposeful availment prong satisfied because "the effects of [the intentional tort] were felt in Florida"). As the Court held in *Bagg*, "As USHealth Advisor's actions can be imputed to USH Group, *see* Fla. Stat. § 48.193(1)(a) (extending specific jurisdiction to claims arising from specific acts of an agent), it follows then that USH Group purposefully availed itself of the jurisdiction of the Florida forum." *Bagg,* 2016 WL 1588666, at * 5.

---

[3] *See E.g., Luna v. Shac, LLC*, No. C14-00607 HRL, 2014 WL 3421514, at *4 (N.D. Cal. July 14, 2014) (intentional sending of unsolicited text messages to California cell phone numbers was purposefully directed activity that subjected defendant to personal jurisdiction); *Baker v. Caribbean Cruise Line, Inc.*, No. CV 13-8246-PCT-PGR, 2014 WL 880634, at *2 (D. Ariz. Mar. 6, 2014) (specific jurisdiction proper in suit regarding unsolicited calls defendant made to plaintiff's forum state telephone); *Hudak v. Berkley Grp., Inc.*, No. 3:13-cv-00089-WWE, 2014 WL 354676, at *2–3 (D. Conn. Jan. 23, 2014) (same).

[4] Courts around the country have found the exercise of specific personal jurisdiction proper in cases involving alleged TCPA violations based on calls made to a plaintiff's cell phone in the forum state. *See, e.g., Luna*, 2013 WL 6571629; *Baker*, 2014 WL 880634; *Branham v. ISI Alarms, Inc.*, No. 12-CV-1012 (ARR) (MDG), 2013 U.S. Dist. LEXIS 124933, at *28 (E.D.N.Y. Aug. 30, 2013) ("[S]ince the TCPA is essentially a strict liability statute ... defendants reasonably should have anticipated that the use of [an automated] system to call a New York cell-phone number could subject them to being haled into court in New York." (internal quotation marks and alteration marks omitted)); *Hudak*, 2014 WL 354676. Like the defendants in *Luna, Baker, Branham* and *Hudak*, USHealth Group reasonably should have known that automated telemarketing to Florida residents would have an impact within Florida's borders.

Plaintiff has alleged sufficient minimum contacts with Florida because her claims arise directly out of contacts that USHealth Group or its agents directed to Florida. In addition, USHealth Group's assertion that it "has no contacts whatsoever with the State for Florida or the Southern District of Florida" is false. ECF No. 59 at 5. USHealth Group operates an interactive website, which is accessible in Florida. For example, USHealth Group's website offers the ability to "Get a Quote." If an individual enters the Florida zip code "33301" USHealth Group's website supplies information for six different "Agents." If the consumer clicks on the link to "Select" one of the agents, USHealth Group's website provides a contact form. *See* http://www.ushealthgroup.com/GetQuote.aspx. Appendix 1, Murray Decl., ¶¶ 5-7; Exs. 4, 5, 6 to Appendix 1. Defendant Herndon is one of the people listed as a "USHealth Group Agent." *Id.* USHealth Group's statement that it "is not registered to offer insurance products in Florida" is also misleading. Plaintiff's counsel has searched publicly available records and found that USHealth Group is not registered or licensed to sell insurance in *any* state. Appendix 1, Murray Decl. ¶ 8. USHealth Group operates through its wholly-owned subsidiaries. Like the foreign defendant in *Meier*, USHealth Advisors does the advertising while Freedom Life and National Foundation Life do the underwriting.

3. <u>Exercise of jurisdiction over USHealth Group comports with fair play and substantial justice.</u>

To determine whether exercise of jurisdiction over USHealth Group comports with traditional notions of fair play and substantial justice, the Court may consider: (1) the burden on USHealth Group; (2) Florida's interest in adjudicating the dispute; (3) Plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in

furthering fundamental substantive social policies. *See Future Tech. Today v. OSF Healthcare Sys.*, 218 F.3d 1247, 1251 (11th Cir. 2000).

The extension of personal jurisdiction to USHealth Group comports with these traditional notions of fair play and substantial justice, particularly when the "burden" on USHealth Group is compared to Plaintiff's interest in obtaining effective relief. Plaintiff is an individual Floridian who received USHealth Group's uninvited and unwanted robocalls. By contrast, USHealth Group is a multi-million-dollar corporation that markets its insurance products throughout the country, actively markets its insurance products throughout the state of Florida through its wholly-owned subsidiary, and is currently represented by the same Florida-based counsel as USHealth Advisors. Appendix 1, Murray Decl. ¶ 9.

Both Florida and the interstate judicial system have a strong interest in seeing this matter resolved in Florida. USHealth Group's illegal marketing practices targeted Floridians. *See Licciardello*, 544 F.3d at 1288 (holding that a "Florida plaintiff, injured by the intentional misconduct of a nonresident expressly aimed at the Florida plaintiff, is not required to travel to the nonresident's state of residence to obtain a remedy."); *Meier*, 288 F.3d at 1276 ("Plaintiffs are Utah residents with a combined annual salary of $37,833. The Sun Defendants operate multiple luxury resorts … and spent between seven and eleven million advertising in the U.S. in 1998 alone. The burden on Defendants to litigate the matter in Florida is insignificant when compared with the burden on Plaintiffs … [t]he Court finds that jurisdiction in Florida would comport with traditional notions of fair play and substantial justice.").

In addition to USHealth Group's wholly-owned subsidiary already having consented to jurisdiction in this Court, ECF No. 45, two of the individual defendants have consented as well. ECF Nos. 44, 49. The ability to resolve the related claims against all Defendants in one proceeding

supports jurisdiction over USHealth Group. *See Keim*, 199 F. Supp. 3d at 1371 ("Also, Keim's interest in obtaining convenient and effective relief also favors an exercise of jurisdiction. The Court already has undisputed jurisdiction over two of the defendants, so a declination of jurisdiction over the Moving Defendants would require Keim to litigate the same claim in multiple forums. For the same reason, the interstate judicial system's interest in obtaining the most efficient resolution of controversies weighs in favor of exercising jurisdiction, and the Moving Defendants concede this factor supports an exercise of jurisdiction.")

## **CONCLUSION**

For all the foregoing reasons, USHealth Group's motion to dismiss for lack of personal jurisdiction, [ECF No. 59], should be denied.

RESPECTFULLY SUBMITTED AND DATED this 6th day of November, 2017.

SCOTT D. OWENS, P.A.

By: /s/ Scott D. Owens (No. 597651)
Scott D. Owens (No. 597651)
Patrick C. Crotty (No. 108541)
3800 South Ocean Drive, Suite 235
Hollywood, Florida 33019
Telephone: (954) 589-0588
Facsimile: (954) 337-0666
Email: scott@scottdowens.com
Email: patrick@scottdowens.com

Edward A. Broderick
BRODERICK & PARONICH, P.C.
99 High St., Suite 304
Boston, MA 02110
Telephone: (617) 738-7080
Email: ted@broderick-law.com

Beth E. Terrell
Jennifer Rust Murray
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 350-3528
Email: bterrell@terrellmarshall.com
Email: jmurray@terrellmarshall.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 6, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date via U.S. mail and/or some other authorized manner for those counsel or parties below, if any, who are not authorized to receive electronically Notices of Electronic Filing.

By: s/ Scott D. Owens
Scott D. Owens, Esq.