**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 0:17-cv-61125-MGC**

TRUDY REYNOLDS, individually and on behalf of all other similarly situated,

Plaintiff,

v.

USHEALTH GROUP, INC., a Delaware Corporation; USHEALTH ADVISORS, LLC, a Texas limited liability company; MICHAEL SMOOT, individually; FLOYD T. HERNDON, individually; and DONALD DENTE, individually,

Defendants.
_______________________________________/

**DEFENDANT USHEALTH ADVISORS, LLC'S RESPONSE**
**<u>TO PLAINTIFF'S AMENDED STATEMENT OF CLAIM</u>**

Defendant, USHEALTH Advisors, LLC ("ADVISORS") hereby files its Response to Plaintiff TRUDY REYNOLDS's Amended Statement of Claim (DE 60), and states as follows:

**A. Statement of Facts**

The Plaintiff continues to change her "theory" of the case depending upon which way the wind blows. On November 6, 2017, however, the true facts were told to Plaintiff. Mr. Smoot, the owner and president of GSI Global, Inc. ("GSI"), was hired by the Tim Herndon Insurance Agency, Inc. to provide to the Herndon Agency double opt-in leads. Mr. Smoot clearly and unequivocally testified for nearly seven (7) hours explaining that GSI was a lead generation company and one of its clients was the Herndon Agency. Mr. Smoot made crystal clear that GSI had no relationship with ADVISORS, that GSI was not making any telephone calls or generating any leads on behalf of ADVISORS, that GSI never spoke with ADVISORS, that ADVISORS never directed or authorized GSI to generate leads on its behalf, that GSI never transferred leads to ADVISORS, that GSI had no agreement with ADVISORS, and that GSI was its own independent company that was not directed or controlled by any of the Defendants in this case. Mr. Smoot was quite candid in his testimony that GSI was his business venture, and GSI was nothing more than a vendor of the Herndon Agency. Mr. Herndon's response to the Amended Statement of Claim further supports Mr. Smoot's testimony; in it, Mr. Herndon confirms that it was his Agency that utilized GSI's lead generation services, and that ADVISORS had nothing at all to do with that relationship.

Simply put, ADVISORS never placed, authorized, or knew about any telemarketing calls allegedly made by GSI.[1] ADVISORS was also not aware of any supposed outbound "robocalls"

---

1. This case should have nothing to do with ADVISORS. Plaintiff only includes ADVISORS, presumably, because she (or her lawyers) believes that ADVISORS is an entity that may have funds from which a settlement could be extorted. But even the "healthcare" lead

being made by GSI, and it never authorized or knew about the use of prerecorded voice messages or an autodialer to place telemarketing calls. Moreover, although Herndon was not authorized to bind ADVISORS, and although ADVISORS had no knowledge of what Plaintiff alleges occurred with respect to GSI, Herndon had been told by Smoot that any purchased leads had opted-in and consented to receive telephone calls twice before any call transferred to Herndon (i.e., they were represented to be "double opt-in leads"), and that therefore the telemarketing was done in compliance with all applicable laws. Plaintiff alleges that Smoot purchased telephone numbers from third party, ZM Marketing; ZM Marketing, like GSI, has attested that it has never done business with ADVISORS. Plaintiff doesn't have a good faith basis to assert these claims against ADVISORS as the GSI calls at issue were undisputedly not made by or for ADVISORS.

**B. ADVISORS is Not Directly or Vicariously Liable for Alleged Violations**

ADVISORS cannot be held directly liable for violating the TCPA as it did not make or initiate any telephone calls to Plaintiff. Moreover, no vicarious liability exists here. *See, e.g., Mey v. Pinnacle Sec., LLC*, No. 5:11CV47, 2012 WL 4009718, at *5 (N.D.W. Va. Sept. 12, 2012) (to prevail under a theory of vicarious liability, the plaintiff "must show that the actual caller 'acted as an agent' of [the defendant], 'that [the defendant] controlled or had the right to control them and, more specifically, the manner and means of the [solicitation] campaign they conducted.'"); *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1085 (C.D. Cal. 2012) (no

---

generation script produced by GSI does not mention ADVISORS and Mr. Smoot testified that was intentional because he was trying to generate leads, generally, for his lead generation business. Plaintiff's effort to try to connect Mr. Smoot to ADVISORS through Mr. Smoot's subsequent opening of his own independent insurance agency is similarly unavailing. Mr. Smoot testified without hesitation that the GSI calls were not made once Mr. Smoot opened his own independent agency, and once his agency was opened, Mr. Smoot never made any calls utilizing a dialer or prerecorded messages.

vicarious liability where defendant did not direct or supervise the manner and means of telemarketing); *Kristensen v. Credit Payment Servs. Inc.*, No. 2:12-CV-00528-APG, 2015 WL 4477425, at *3 (D. Nev. July 20, 2015) (holding no vicarious liability when there was "no evidence that [the defendant] had either the legal or practical ability to control whether [third party] sent out unsolicited texts"). Plaintiff will be unable to prove that ADVISORS has any vicarious liability for GSI's alleged conduct, as ADVISORS was not aware of and never authorized or ratified the alleged GSI telemarketing campaign,

**C. Plaintiff and the Putative Class Are Not Entitled to Damages Against USHEALTH**

Since ADVISORS cannot be directly liable for the alleged telephone calls, and because it is not vicariously liable for the telephone calls, Plaintiff will not be entitled to any damages against ADVISORS. Moreover, Plaintiff will be unable to prove her right to treble damages because ADVISORS was never aware of the GSI telemarketing campaign. Finally, all of the same arguments apply to preclude recovery against ADVISORS by any putative class members.

**D. No Class Should be Certified**

A class cannot be certified here because Plaintiff will be unable to establish the required Rule 23 elements. Plaintiff seeks to certify a class of persons who received calls from or on behalf of ADVISORS, but no one received such calls as explained above. In addition, during his deposition, Mr. Smoot testified that he believes that calls were being made by GSI through the same "telemarketing platform" for home security leads at the same time that GSI was working on procuring general healthcare leads. Mr. Smoot produced a call recording which relates to home security leads that he believes was utilized. Therefore, the numerosity, commonality, ascertainability, and typicality elements of class certification will fail.

DATED: November 13, 2017

Respectfully Submitted,

GREENSPOON MARDER, P.A.

*/s/Lauren Shoemake*
RICHARD W. EPSTEIN
Florida Bar No. 229091
Richard.Epstein@gmlaw.com
JEFFREY A. BACKMAN
Florida Bar No. 662501
Jeffrey.Backman@gmlaw.com
Khia.Joseph@gmlaw.com
LAUREN SHOEMAKE
Florida Bar No. 94316
Lauren.Shoemake@gmlaw.com
Cheryl.Cochran@gmlaw.com
Greenspoon Marder, P.A.
200 East Broward Blvd., Suite 1800
Fort Lauderdale, FL 33301
Tel: (954) 491-1120; Fax: (954) 213-0140

*Attorneys for Defendant USHealth Advisors, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2017, a true and correct copy of this document was served upon parties identified below:

Scott D. Owens
Patrick C. Crotty
SCOTT D. OWENS, P.A.
3800 South Ocean Drive, Suite 235
Hollywood, Fl 33019
(954)589-0588; (954)337-0666-fx
scott@scottdowens.com
patrick@scottdowens.com
*Attorneys for Plaintiff*

Edward A. Broderick, *Pro Hac Vice*
BRODERICK & PARONICH, P.C.
99 High Street, Suite 304
Boston, MA 02110
(617)738-7080
ted@broderick-law.com
*Co-Counsel for Plaintiff*

Beth E. Terrell, *Pro Hac Vice*
Jennifer Rust Murray, *Pro Hac Vice*
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, WA 98103-8869
(206)816-6603; (206)350-3528-fx
bterrell@terrellmarshall.com
jmurray@terrellmarshall.com
*Co-Counsel for Plaintiff*

Matthew P. McCue, Esq. *Pro Hac Vice*
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, MA 01760
(508)655-1415; (508)319-3077
mmccue@massattorneys.net
*Co-Counsel for Plaintiff*

Michael Smoot
800 River Terrace
Prescott, WI 54021-7043
(623)261-4458
michaelsmootaz@gmail.com
*Appearing Pro Se*

Peter S. Baumberger
Michael F. Suarez
KUBICKI DRAPER, P.A.
400 N. Ashley Drive
Tampa, FL 33602-4318
(813)314-1155
psb@kubickidraper.com
psb-kd@kubickidraper.com
mfs@kubickidraper.com
*Attorneys for Defendant Donald Dente*

Scott W. Atherton
Terence Michael Mullen
Brittany A. Tarazona
ATHERTON MCAULIFFE & REEDER PA
224 Datura Street, Suite 815
West Palm Beach, FL 33401
(561)293-2530; (561)293-2593-fx
scott@athertonlg.com
terence@athertonlg.com
brittany@athertonlg.com
*Counsel for Defendant Floyd T. Herndon*

*Lauren Shoemake*
LAUREN SHOEMAKE