**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION**

**Case No. 17-cv-61125-COOKE/GOODMAN**

TRUDY REYNOLDS, individually and on behalf of all others similarly situated,

Plaintiff,

v.

USHEALTH GROUP, INC., a Delaware corporation; USHEALTH ADVISORS, LLC, a Texas limited liability company; MICHAEL SMOOT, individually; FLOYD T. HERNDON, individually; and DONALD DENTE, individually,

Defendants.

---

**USHEALTH ADVISORS, LLC's FIRST SET OF INTERROGATORIES TO PLAINTIFF AND PLAINTIFF'S OBJECTIONS AND ANSWERS THERETO**

Defendant, USHEALTH ADVISORS, LLC, hereby propounds the following interrogatories upon Plaintiff, TRUDY REYNOLDS, and requests that each be answered separately, fully, and under oath within thirty (30) days of service pursuant to Fed. R. Civ. P. 33.

## I. DEFINITIONS AND INSTRUCTIONS

A. The terms "you" and "your" and "Plaintiff" means the Plaintiff Trudy Reynolds to whom this discovery request is addressed, including your agents, attorneys, and all other persons acting or purporting to act on your behalf.

B. The term "Defendant" means the Defendant USHEALTH Advisors, LLC in this action and any officer, director, consultant, agent, representative, employee and/or other related person or entity acting on its behalf.

Corporate Representatives of the Chicago Tribune, including but not limited to keeper of records and website administration
Chicago Tribune
435 North Michigan Avenue
Chicago, Illinois 60611
Telephone: (312) 222-3232

INTERROGATORY NO. 3. Describe and identify all communications between Defendant Smoot and you as well as any and all members of the proposed class described in the Complaint, including the date on which such alleged communications took place and all telephone numbers to which Defendant Smoot allegedly made calls to you or any member of the proposed class described in the Complaint. The response to this Interrogatory should provide a detailed description of each and every portion of the telephone call(s) you allege to have received that is/are at issue in this case.

ANSWER: Plaintiff objects that this interrogatory is premature. She cannot fully respond to this interrogatory until she receives full responses to her discovery requests, which seek, among other things, the identities of all third parties who placed calls on Defendants' behalf and any calling records and leads data related to those third parties. Plaintiff will supplement her answer in accordance with the Federal Rules of Civil Procedure, this Court's local rules and standing orders, the case management schedule, and any other applicable court orders. Plaintiff further objects to the extent this request seeks individualized information regarding absent class members that is not proportional to the needs of the case. Defendant's request seeks to lock Plaintiff into producing individualized information about every class member when she intends to prove her class claims through evidence common to the class. This evidence includes calling records documenting automated and prerecorded calls placed on behalf of USHealth Advisors and USHealth Group, expert testimony identifying the dates and duration of these calls, testimony from the individuals and entities that placed the calls, testimony from USHealth

Advisors' principals, and USHealth Advisors' business records. Subject to and without waiving these objections, Plaintiff answers as follows:

Mr. Smoot sent Plaintiff an automated, prerecorded call promoting USHealth Advisors and USHealth Group's products and services without her consent and did so pursuant to an agreement with USHealth Advisors, LLC, which is the marketing arm of USHealth Group, as well as Mr. Herndon and Mr. Dente. When the prerecorded message started playing, Plaintiff hung up. Plaintiff's counsel have obtained calling records showing that Mr. Smoot sent over 1,000,000 prerecorded messages to 800,000 cell phones.

INTERROGATORY NO. 4. Describe and identify all communications between USHEALTH Advisors, LLC and you as well as any and all members of the proposed class described in the Complaint, including the date on which such alleged communications took place and all telephone numbers to which USHEALTH Advisors, LLC allegedly made calls to you or any member of the proposed class described in the Complaint.

ANSWER: Plaintiff objects that this interrogatory is premature. Plaintiff has requested that Defendants produce calling data relating to all class members but has not yet received a complete response. Instead, Defendants have objected to producing data relating to any calls other than those placed by Mr. Smoot in July 2015. Plaintiff will supplement her answer in accordance with the Federal Rules of Civil Procedure, this Court's local rules and standing orders, the case management schedule, and any other applicable court orders. Plaintiff further objects to the extent this request seeks individualized information regarding absent class members that is not proportional to the needs of the case. Defendant's request seeks to lock Plaintiff into producing individualized information about every class member when she intends to prove her class claims through evidence common to the class. This evidence includes calling

searching her files for documents that would provide the remaining information requested in this interrogatory and will supplement this answer if she locates further information. In addition, Plaintiff was charged with unemployment fraud in 1989 or 1990. She had been collecting unemployment until she found a job with the Girl Scouts of America. She told the unemployment office as soon as she found a job, but that same week she received an unemployment check for approximately $200. She assumed that it was her final check and was for the time prior to her getting a job. Adjudication was withheld and she was placed on probation. She wrote a hardship letter because she was a single mother of three at the time and could not afford the $50 per week she was required to pay for probation. Consequently, she was removed from probation.

INTERROGATORY NO. 7. Describe, in specific detail, how it came about that you were selected to be a class representative on behalf of the class alleged in the Complaint, including how you came to hire your current counsel to represent you and the class in this matter, whether you contacted class counsel, whether class counsel contacted you, whether you were referred by someone else (if so, by whom), whether you interviewed any other law firm, and whether there were any other proposed "class representatives".

ANSWER: Plaintiff objects to the extent this request seeks information beyond the scope of her personal knowledge or protected by the attorney-client privilege or work product doctrine. Subject to and without waiving these objections, Plaintiff answers as follows:

Plaintiff received a letter from Plaintiff's counsel, stating that they had obtained calling records indicating that Plaintiff received a telemarketing call on her cell phone promoting USHealth Advisors. The letter told Plaintiff that counsel obtained her contact information using PeopleMap. The letter told her that the law firm sues companies like USHealth Advisors that use

automatic telephone dialing systems or artificial or prerecorded voices to robocall cell phones without the cell phone owners' consent. The letter told her that such calls violate the TCPA and that USHealth Advisors could be ordered to pay $500 for each call or $1,500 per call if the court found the calls were placed willfully. The letter informed Plaintiff that counsel believed she had a case and wanted to talk to her. The letter told her that she could call a telephone number or email counsel. The letter told her she was free to hire any attorney to represent her and that she did not have to talk to the attorneys who mailed the letter. The letter also provided background information about attorney Scott Owens and told her that his firm focused on telephone harassment matters and that he had filed over fifty federal lawsuits on behalf of people who received robocalls. The letter informed her in capital letters and red font that this was an attorney advertisement. After Plaintiff received the letter she called Mr. Owens' firm to request further information. Counsel explained the class action process and her role as class representative. She was excited to serve as a potential class representative and to help others receive compensation for the unlawful calls.

INTERROGATORY NO. 8. Describe in specific detail every fact, law, document, person, and other evidence that supports your allegations that USHEALTH Advisors, LLC was responsible for placing, or responsible for directing the placing of, the calls complained of in the Complaint.

ANSWER: Plaintiff objects that this interrogatory is premature. Discovery is ongoing and Plaintiff has not completed her investigation into the facts, laws, documents, people, and other evidence supporting the claims in this case. Plaintiff will disclose the specific evidence and legal basis for her claims in accordance with the case management schedule set in this case or pursuant to any court orders. Plaintiff also will supplement her answer with additional information if

**VERIFICATION**

I, Trudy Reynolds, state as follows: I am the above-named Plaintiff. I have read the within and foregoing USHealth Advisors, LLC's First Set of Interrogatories to Plaintiff and Plaintiff's Objections and Answer Thereto, know the contents thereof, and believe the same to be true and correct.

Executed this this 2nd day of November, 2017, at Plantation, Florida.

Trudy Reynolds

Trudy Reynolds