2016 WL 9110357
Only the Westlaw citation is currently available.
United States District Court,
M.D. Florida,
Fort Myers Division.

Diana MEY, individually and on behalf of all others similarly situated, Plaintiff,
v.
ENTERPRISE FINANCIAL GROUP, INC. and National Repair Protection, LLC, Defendants.

Case No: 2:15-cv-463-FtM-99MRM
|
Signed 07/27/2016

**Attorneys and Law Firms**

Alicia E. Hwang, Edelson P.C., Chicago, IL, Anthony Paronich, Edward A. Broderick, Broderick & Paronich, P.C., Boston, MA, Eve-Lynn J. Rapp, Edelson PC, San Francisco, FL, Matthew P. McCue, Law Office of Matthew P. McCue, Natick, MA, Scott David Owens, Scott D. Owens, P.A., Hollywood, FL, Stewart R. Pollock, Edelson PC, San Francisco, CA, for Plaintiff.

**ORDER**

MAC R. MCCOY, UNITED STATES MAGISTRATE JUDGE

***1** This cause is before the Court on Plaintiff Diana Mey's Motion to Compel (Doc. 28) filed on April 13, 2016. Defendant Enterprise Financial Group, Inc. ("EFG") filed an Opposition to Plaintiff's Motion to Compel (Doc. 32) on May 9, 2016. This matter is ripe for review.

On November 13, 2015, Plaintiff served her First Set of Discovery to EFG. (Doc. 32-3). This discovery consisted of thirty-seven (37) Document Requests and fourteen (14) Interrogatories. (Doc. 32-3). Plaintiff requests that the Court compel EFG to respond more fully to Plaintiff's First Set of Discovery.

## I. Background

On August 3, 3015, Plaintiff filed a Class Action Complaint and Demand for Jury Trial (Doc. 1). Plaintiff alleged that EFG sells a variety of products, including after-market auto warranties directly to consumers and also through third-party call centers. (Doc. 1 at ¶ 1). These calls by a third-party call center, specifically the other Defendant National Repair Protection, LLC ("NRP") are at issue in this case. (Doc. 1 at ¶¶ 2, 19). Plaintiff claims that Defendants made unsolicited telephone calls on behalf of EFG to Plaintiff and other members of the putative class. (Doc. 2 at ¶ 3). From 2003, Plaintiff was registered on the National Do Not Call Registry. (Doc. 1 at 23). Specifically, Plaintiff alleges that EFG made telephone calls to her cell phone on June 5, 2015 (which Plaintiff answered), and on May 29, 2015, June 3, 2015 and June 12, 2015, (which were unanswered by Plaintiff). (Doc. 1 at ¶¶ 24-29). Plaintiff claims that these calls violated the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227. Plaintiff also included class allegations defining two classes or subclasses as follows:

> Class 1:
>
> All individuals in the United States (1) who had his or her telephone number(s) registered with the National Do Not Call Registry; (2) for whom Defendants had no record of consent to place calls promoting Defendants' products or services to him or her; (3) who received more than on telephone call promoting Defendants' products or services; (4) within a 12-month period at any time in the four years prior to the filing of the Complaint through the date of class certification.
>
> Class 2:
>
> All individuals in the United States (1) EFG or National Repair called on a cellular telephone line (2) by the use of an automatic telephone dialing system, and (3) from whom Defendant does not have evidence of prior express written consent of the called party from October 16, 2013 through the date of certification.

(Doc. 1 ¶ 34).

## II. Applicable Standards

The purpose of discovery is to require disclosure of relevant information so that the resolution of the civil action is based upon a full and accurate understanding of the facts. *Anglin v. Maxim Healthcare Servs., Inc.*, No. 6:08-CV-689-ORL-22DA, 2009 WL 928305, at *2 (M.D. Fla. Apr. 3, 2009) (citing *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958)). Federal Rule

of Civil Procedure 26(b)(1) provides that the scope of discovery is as follows:

> ***2** Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The scope of discovery is broad. *Anglin*, 2009 WL 928305, at *2 (citations omitted). However, the information must be relevant to a claim or defense, but need not be admissible at trial. *Id.* "Relevance is 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.' " *Moss v. GEICO Indem. Co.*, No. 5:10-CV-104-OC-10TBS, 2012 WL 682450, at *1 (M.D. Fla. Mar. 2, 2012) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). The initial burden is on the proponent of a motion to compel to prove that the information is relevant. *Moore v. Lender Processing Servs. Inc.*, No. 3:12-CV-205-J, 2013 WL 2447948, at *2 (M.D. Fla. June 5, 2013). If the relevancy of the information sought cannot be discerned from the discovery request itself, then the party seeking to compel discovery must demonstrate relevancy. *Sanchez v. Cardon Healthcare Network, LLC*, No. 3:12-CV-902-J-34JBT, 2013 WL 2352142, at *2 (M.D. Fla. May 29, 2013) (citing *S.E.C. v. BankAtlantic Bancorp, Inc.*, 285 F.R.D. 661, 666 (S.D. Fla. 2012)).

This action was brought pursuant to the TCPA. Many of the issues in the Motion to Compel involve the issue of vicarious liability of EFG. A party may proceed under a theory of vicarious liability under the TCPA. *See Legg v. Voice Media Grp., Inc.*, 20 F. Supp. 3d 1370, 1377 (S.D. Fla. 2014) (citing *Commodity Futures Trading Comm'n v. Gibraltar Monetary Corp.*, 575 F.3d 1180, 1189 (11th Cir. 2009)); *see also Harrington v. RoundPoint Mortgage Servicing Corp.*, No. 2:15-CV-322-FTM-38MRM, 2016 WL 659331, at *3 (M.D. Fla. Feb. 18, 2016). The FCC explained that vicarious liability "may be predicated upon federal common law agency principles." *Shamblin v. Obama for Am.*, No. 8:13-CV-2428-T-33TBM, 2015 WL 1754628, at *6 (M.D. Fla. Apr. 17, 2015) (citing *DISH Network*, 28 FCC Rcd. at 6586). In determining whether vicarious liability applies, a court must determine whether the relationship between the principal and the wrongdoer rose to the level of an agency relationship sufficient to show that the principal exercised substantial control over the agent's actions. *Legg*, 20 F. Supp. 3d at 1377. A court must consider agency principals, such as:

> classical agency (where a principal manifests assent that an agent shall act on the principal's behalf and subject to the principal's control); apparent authority (where the principal is accountable for the results of a third party's belief about the actor's authority to act as an agent when the belief is reasonable and traceable to a manifestation of the principal); and ratification (when a principal knowingly accepts the benefits of the actor's conduct).

*Shamblin*, 2015 WL 1754628, at *6. Further, if the principal ratifies the agent's conduct or represents that the agent acts with the authority of the principal, this act may create an agency relationship supporting a claim for vicarious liability. *Legg*, 20 F. Supp. 3d at 1377.

***3** Given that class allegations were included in the Class Action Complaint (Doc. 1), the Court must also consider the discovery requests as they might relate to class certification.[1] Pursuant to Fed. R. Civ. P. 23(a), the elements that a plaintiff must prove to certify a class are: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). In addition, a plaintiff must satisfy the requirements of Rule 23(b). Fed. R. Civ. P. 23(b). To

 © 2017 Thomson Reuters. No claim to original U.S. Government Works. 

establish whether class certification is proper, a court must go beyond the pleading and permit discovery as to the issue of whether a class may be certified. *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 (11th Cir. 2008).

1 EFG argues that Plaintiff failed to file a timely motion for class certification. However, that issue is not before the Court at this time.

**III. Relevant Time Period for Discovery**

As a preliminary matter, in most—if not all—of the discovery requests, EFG asserts an objection that the discovery request is not limited to a specific timeframe. Instead of addressing this objection each and every time it is raised, the Court will determine the appropriate timeframe for all of the discovery requests at issue.

The Court finds that, contrary to Defendant's suggestion, the date of the disputed calls made to Plaintiff is not wholly determinative of the relevant time frame for discovery purposes in this case. Rather, the putative class claims are subject to a statute of limitations, which informs the relevant time frame for discovery purposes in this case. The TCPA has a four-year statute of limitations. *See* 28 U.S.C. § 1658(a); *Coniglio v. Bank of Am., NA*, 638 Fed.Appx. 972, 974 n.1 (11th Cir. 2016). The Complaint (Doc. 1) was filed on August 3, 2015. Therefore, the limitations period in this case extends to August 3, 2011. This is consistent with the putative class period alleged in "Class 1," the first class or subclass definition set out in the Complaint. (Doc. 1 at 7 ¶ 34). At the very least, therefore, this four-year period preceding the filing of the Complaint is relevant to the putative class claims for Class 1. Class 2, as defined in the Complaint, is limited to a putative class period beginning October 16, 2013. (Doc. 1 at 7 ¶ 34).

Moreover, the Court notes that Plaintiff's discovery requests contain a definition for the term "Relevant Time Period," which is defined as "the four (4) years prior to the date the Complaint was filed to the present." (Doc. 32-3 at 5 ¶ 23). The problem is that, although this definition is consistent with the applicable limitations period for Class 1, the term "Relevant Time Period" is not otherwise included in the actual language of the discovery requests at issue such that the provided definition constitutes a reasonable and relevant temporal limitation in the requests. Notwithstanding this glaring drafting deficiency, the Court may construe the discovery requests as being subject to the temporal limitation provided in the definition of that term. Under these circumstances, therefore, unless a particular discovery request indicates otherwise, the Court will construe each discovery request to be subject to the temporal limitation set forth by Plaintiff in her definition for the term "Relevant Time Period." (*See* Doc. 32-3 at 5 ¶ 23).

Notwithstanding these considerations, EFG's proposed production would be limited to the three years preceding the first call Plaintiff alleges she received on June 5, 2015. As such, EFG's offered production would only extend back to June 5, 2012. Not only is that proposed production nearly a year less than the applicable limitations period for Class 1, but it ignores the fact that the issues of consent or notice potentially implicate facts and events *preceding* the statute of limitations cut-off.

***4** Taking all of the foregoing into account, the Court finds that a reasonable and relevant timeframe for purposes of these discovery requests is at least August 3, 2010 (*i.e.*, a full year before the limitations period cut-off) through and including the date of the discovery requests. Nevertheless, because the Court construes the defined term "Relevant Time Period" to apply to all of the discovery requests, the Court will not order EFG to produce more than what Plaintiff has actually requested. Thus, subject to any other conditions or constraints imposed by this Order, to the extent EFG is ordered to produce any responsive non-privileged documents, it must do so for the time frame August 3, 2011 to the date of the discovery requests.

**IV. Outstanding Discovery Disputes**

Plaintiff requests that EFG be compelled to respond more fully to Request for Production Nos. 4, 5, 7, 9, 10, 11, 13, 22, 23, 29, 30, 36 and 37; and Interrogatory Nos. 5, 6, and 11. The Court will consider each discovery request in turn.

**Request No. 4**

> All contracts, agreements, or written understandings between You and any other Persons You hired who made Telephone Calls trying to promote your services.

(Doc. 28 at 7).

Plaintiff asserts that EFG produced a contract relating to NRP, but failed to provide any information regarding any other telemarketers. Plaintiff argues that the class

description extends beyond NRP to all third parties who made telemarketing calls for EFG during the four years prior to the filing of the complaint. EFG responds that this Request is overbroad and seeks information that is not relevant. EFG argues that the Class Action Complaint contains claims that NRP on behalf of EFG made telephone calls in violation of the TCPA, but contains no allegations that any person or entity other than NRP made telephone calls purportedly on behalf of EFG in violation of the TCCPA. Further, Request No. 4 has no time parameters. EFG argues that by answering one call from NRP allegedly in violation of the TCPA, Plaintiff now claims to be entitled "to unfettered access to EFG's documents and materials related to any individual or entity's relationship with EFG over any period of time without regard to the subject matter thereof." (Doc. 32 at 10).

The Court finds that Request No. 4 is overbroad. Requesting "[a]ll contracts, agreements or written" understandings between EFG and other entities that made telephone calls for EFG is not sufficiently tailored to obtain relevant discovery. The Class Action Complaint, including the "Common Factual Allegations," only contains allegations relating to calls made by NRP on behalf of EFG. (Doc. 1 at 5). There are no allegations in the Class Action Complaint concerning telemarketers other than NRP. Thus, Plaintiff failed to meet her initial burden of showing that information from telemarketers other than NRP is relevant to a claim or defense in this case. Even though the class definitions are broader, absent factual allegations in the Class Action Complaint that support a much wider scope of discovery, the Court will limit the discovery to telemarketer calls made by NRP on behalf of EFG. Plaintiff acknowledges that EFG produced a contract relating to NRP. Therefore, the Court will deny the Motion to Compel as to Request No. 4.

**Request No. 5**

Any and all Information Identifying third party call centers placing Telephone Calls on promoting Your goods or services, including but not limited to:

a) the names of owners, shareholders, or agents of the third party,

b) any and all contracts, agreements, or written understandings between You and the third party,

c) any marketing material You provided to the third party, and

d) any communications between You and the third party.

(Doc. 28 at 8).

***5** Plaintiff argues that EFG limited its response to Request No. 5 to information relating to NRP, and did not provide any additional information as to other call centers. Plaintiff contends that EFG should be required to identify other entities because Plaintiff's class definitions are broader than Mey's telephone calls from NRP. EFG responds that Plaintiff lacks any factual support regarding any call center other than NRP, and should not be permitted to obtain discovery for other third-party call centers. As the Court ruled for Request No. 4, even though the class definitions are broader, absent factual allegations in the Class Action Complaint that support a much wider scope of discovery, the Court will limit the discovery to calls made by NRP on behalf of EFG. Therefore, the Court will deny the Motion to Compel as to Request No. 5.

**Request No. 7**

All Communications between You and National Repair, or between EFG employees, Related To the following topics:

a) the use of Telephone Calls to market, sell or generate leads for Your products or services;

b) the TCPA, including complaints related to TCPA violations (whether or not any lawsuits arose from such complaints), compliance with the TCPA, and policies and procedures Related To the TCPA;

c) the DNCR, including complaints related to DNCR violations (whether or not any lawsuits arose from such complaints), compliance with the DNCR, and policies and procedures Related To the DNCR;

d) the use of Your trade name in connection with any Telephone Calls;

e) the mentioning of Your website in connection with any Telephone Calls;

 © 2017 Thomson Reuters. No claim to original U.S. Government Works. 

f) scripts or pre-recorded messages used in connection with any Telephone Calls;

g) any marketing materials You provided to National Repair;

h) the acceptance of any benefits, including but not limited to monetary compensation and/or potential customers (or "leads"), by You as a result of any Telephone Calls; and

i) any policies, procedures, guidelines, training manuals, or other related documents.

(Doc. 28 at 9).

Plaintiff asserts that in response to Request No. 7, EFG produced the contract between EFG and NRP, but refused to produce anything else relating to the relationship between the two entities. Further, Plaintiff claims that EFG refused to produce any evidence of telemarketing calls claiming that they were not in EFG's possession because EFG did not make any telemarketing calls. EFG also refused to produce any correspondence between EFG and NRP, any telemarketing complaints, or any documents relating to its investigation into such complaints. Plaintiff claims that EFG only produced 128 pages of documents. Plaintiff argues that EFG should supplement its response and provide correspondence between EFG and NRP, and should provide all documents relating to lawsuits, complaints and investigations into those complaints. EFG argues that Request No. 7 is overbroad in requesting information relating to third parties marketing EFG's products and services.

The Court finds that Request No. 7 requests information beyond what is relevant to the claims or defenses in this case. Some of the document requests include "all" communications that relate to the use of EFG's trade name relating to any telephone calls, the mention of EFG's website in connection with any telemarketing calls, and much more. The Court finds Request No. 7 overbroad and irrelevant because it seeks information that is not related to a claim or defense asserted in this case. Therefore, the Court will deny the Motion to Compel as to Request No. 7.

**Request No. 9**

All marketing materials that You provided to any Persons acting on Your behalf in the making of Telephone Calls.

(Doc. 28 at 11).

Plaintiff argues that EFG claims to have produced all of it marketing materials provided to NRP. Plaintiff requests that EFG identify which Bates numbers correspond to these marketing materials, and argues that EFG should be compelled to produce the same type of documents as to other entities, other than NRP, that acted on behalf of EFG as telemarketers during the class period. EFG responds that Request No. 9 is overbroad and seeks documents that are not relevant to a claim or defense in this case. EFG argues that the allegations in the Class Action Complaint do not support discovery concerning entities other than NRP. As the Court ruled regarding Request No. 4, even though the class definitions are broader, absent factual allegations in the Class Action Complaint that support a much wider scope of discovery, the Court will limit discovery to the relationship between ERG and NRP. The Court finds that Request No. 9 is overbroad in requesting "all marketing materials" provided to any entities making telemarketing calls on behalf of EFG for an indefinite period of time. Therefore, the Motion to Compel is denied as to Request No. 9. However, the Court will require EFG to identify to Plaintiff in writing the Bates numbers of the produced documents that Defendant contends were responsive to Request No. 9 within seven (7) days from the date of this Order.

***6 Request No. 10**

Documents Identifying each and every inbound telephone call received by National Repair and outbound Telephone Call placed by National Repair or any other third party acting for the benefit of EFG. Any Documents produced by You in response to this Request should

Identify the following:

a) the Date(s) and time(s) of each inbound and outbound call;

b) the telephone number that placed each inbound call;

c) the telephone number that received each inbound telephone call;

d) the telephone number that placed each outbound Telephone Call;

e) the telephone number that received each outbound Telephone Call;

f) a description of each call; and

g) the disposition of each call.

(Doc. 28 at 11-12).

Plaintiff argues that even though EFG claims not to have made the actual calls, EFG has contact with the third-party telemarketers that made calls for EFG. Thus, Plaintiff asserts that EFG should be able to obtain records from these third-party telemarketers. Plaintiff claims that these documents are within EFG's control even if not in its possession.

EFG responds that Request No. 10 is overbroad, irrelevant, and burdensome. EFG claims that this Request seeks documents in the possession of third parties, related to those third parties marketing EFG's products and services. EFG claims that the Complaint alleges that NRP made calls purportedly on behalf of EFG in violation of the TCPA. EFG argues that the Complaint does not contain allegations as to any other third parties making telephone calls on behalf of EFG. Thus, EFG asserts that Request No. 10 is irrelevant. Additionally, EFG claims that it has produced the materials in its possession, custody, or control as it relates to telephone calls placed by NRP.

"Under Fed. R. Civ. P. 34, control is the test with regard to the production of documents. Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand." *MCC Mgmt. of Naples, Inc. v. Arnold & Porter LLP*, No. 207-CV-387-FTM-29SPC, 2010 WL 2889350, at *2 (M.D. Fla. July 20, 2010) (citing *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984)). Plaintiff argues that EFG has a business relationship with NRP and other telemarketing entities and, thus, ERG has control over documents in the possession of NRP and other telemarketing entities.

As the Court found in Request No. 4, information concerning telemarketers other than NRP is beyond the scope of discovery in this case. Further, the Court does not have sufficient information to conclude that EFG has a legal right to obtain documents from NRP or from other telemarketing entities. Therefore, the Court concludes that EFG does not have "control" over these documents. A business relationship may be some evidence of control, but it is not alone dispositive of the inquiry. Here, the allegation of a business relationship does not rise to the level of demonstrating control—*i.e.*, a legal right to obtain the documents upon demand. Plaintiff's recourse is to seek the documents directly from NRP, which is a co-defendant in this case. Therefore, the Motion to Compel is denied as to Request No. 10.

***7 Request No. 11**

All Documents and ESI Relating To any financial benefit You receive through or as a result of Your relationship with National Repair, including but not limited to bills and/or invoices between You and National Repair.

(Doc. 28 at 13).

Plaintiff argues that information concerning payments, financial assistance, and non-financial assistance between EFG and NRP is needed to establish vicarious liability of EFG. EFG argues that Request No. 11 is overbroad in that it requests any financial benefit EFG received as a result of NRP regardless of how this financial benefit was obtained. Therefore, Request No. 11 would require EFG to provide financial information concerning its relationship with NRP even if that financial benefit was not derived from telemarketing. Although the Court recognizes that the theory of liability in this case is based on vicarious liability, the Court finds that Request No. 11 is overbroad because, as written, it requests information beyond the telemarketing relationship between EFG and NRP. Therefore, the Motion to Compel is denied as to Request No. 11.

**Request No. 13**

All contracts, agreements, or written understandings between You and any Persons Identified in Interrogatory No. 6 Relating to Telephone Calls.

**Interrogatory No. 6**

> Identify any Persons other than You and National Repair that You use to place Telephone Calls Relating to the marketing of Your products and services.

(Doc. 28 at 15, 22).

Interrogatory No. 6 requests EFG to identify entities other than NRP that market EFG's services via telephone and Request No. 13 requests documents relating to those other entities. As the Court ruled regarding Request No. 4, even though the class definitions are broader, absent factual allegations in the Class Action Complaint that support a much wider scope of discovery, the Court will limit the discovery to calls made by NRP on behalf of EFG. Therefore, Interrogatory No. 6 and Request No. 13 are overbroad and seek information that is not relevant to a claim or defense in this case. The Motion to Compel is denied as to Interrogatory No. 6 and Request No. 13.

**Request No. 22**

> All Documents and ESI referring or Relating To any consumer complaints, government investigations, and lawsuits made or filed against You (and/or any Persons acting on our behalf or through contractual arrangements with You) Relating To unsolicited Telephone Calls, regardless of whether such complaints ultimately resulted in the filing of a lawsuit.

(Doc. 28 at 16).

Plaintiff argues that to establish vicarious liability, Plaintiff must discover information as to whether EFG was on notice that third parties, which were telemarketing on its behalf, were violating the TCPA. EFG responds that Request No. 22 is overbroad, and even if EFG fully responded, the information could not establish vicarious liability as to notice because this Request is not limited to the time period prior to when the calls were made to Plaintiff. EFG claims that any consumer complaints, government investigations, or lawsuits received after the telephone calls were made to Plaintiff would not have put EFG on notice. Also, EFG contends that Request No. 22 is not limited to consumer complaints, government investigations, and lawsuits for violations of the TCPA. EFG states that it is willing "to identify any consumer complaints, government investigations, and lawsuits involving allegations of a TCPA violation filed or asserted against EFG within three years prior to the calls purportedly made to Plaintiff that are the subject of this lawsuit." (Doc. 32 at 17).

***8** The Court finds that Request No. 22 is overbroad because it is not limited to violations of the TCPA. The Court finds that EFG's offer to produce documents as set forth above is sufficient to satisfy Request No. 22 with the exception that EFG is willing to provide documents for three years prior to the alleged calls made to Plaintiff. As explained above, however, the Court will expand this time period and require EFG to provide documents from August 3, 2011 through the date the purported calls were made. Therefore, the Court will deny the Motion to Compel as to Request No. 22, but will require EFG to produce the documents it has offered to produce dated within the expanded time period from August 3, 2011 through the date the purported calls were made, within fourteen (14) days from the date of this Order.

**Request No. 23**

> All Documents and ESI referring or Relating To any consumer complaints, government investigations, and lawsuits made or filed against You (and/or any Persons acting on Your behalf or through contractual arrangements with You) Relating To Telephone Calls received by Persons after such Persons specifically requested not to receive any Telephone Calls, regardless of whether such complaints ultimately resulted in the filing of a lawsuit.

(Doc. 28 at 17). As to Request No. 23, Plaintiff refers to her arguments in Request No. 22. EFG argues that if Plaintiff is attempting to establish that EFG was on notice, then the only relevant consumer complaints, government investigations, and lawsuits would be limited to those immediately prior to the telephone calls received by Plaintiff. EFG argues that Request No. 23 is overbroad in that it seeks information from entities other than NRP, is not limited to violations of the TCPA, and is not limited in time. As in Request No. 22, EFG is willing "to identify any consumer complaints and lawsuits involving allegations of a TCPA violation filed or asserted against EFG by professional litigants including Plaintiff who have made more than one claim against EFG and NRP within three years prior to the calls purportedly made to Plaintiff that are the subject of this lawsuit." (Doc. 32 at 18). The Court finds Request No. 23 overbroad because it requests information concerning telemarketers other than NRP and is not limited to TCPA violations. Therefore, the

 © 2017 Thomson Reuters. No claim to original U.S. Government Works. 

Court will deny the Motion to Compel as to Request No. 23, but will require EFG to produce the documents it has offered to produce dated within the expanded time period from August 3, 2011 through the date the purported calls were made, within fourteen (14) days from the date of this Order.

**Request No. 29**

All Documents and Communications Relating To Your investigation of the allegations in the Complaint.

(Doc. 28 at 18).

Plaintiff argues that EFG provided 128 documents but did not identify which documents were responsive to Request No. 29. Further, Plaintiff claims that EFG provided documents of its investigation as to calls made to Plaintiff in 2013, but did not include documents relating to its investigations made as to calls to Plaintiff in 2015. EFG responds that it has produced all non-privileged documents in its possession as to Plaintiff's four telephone calls, and it appears that counsel for EFG is continuing to search for responsive documents. (See, Doc. 32 at 19, and 32-1 at 6). The Court finds EFG's response sufficient. Therefore, the Court will deny the Motion to Compel as to Request No. 29. However, the Court will require EFG to identify to Plaintiff in writing the Bates numbers of the documents that EFG contends were responsive to Request No. 29 within seven (7) days from the date of this Order.

**Request No. 30**

Any and all Documents demonstrating that Plaintiff and the Members of the Proposed Class provided express written invitation, consent, or permission to receive Telephone Calls.

***9** (Doc. 28 at 19).

Plaintiff argues that if EFG is in possession of consent evidence as to consumers who were called on its behalf by NRP or any other third-party vendor, then it should produce those documents and, if it does not have these documents, then it should affirmatively so state. EFG argues that Request No. 30 is overbroad because it is not limited to telephone calls made by NRP, but requests information as to third-party telemarketers. Further, EFG argues that any documents relating to the proposed class of individuals who received telephone calls from NRP on behalf of EFG is in the control of NRP. Moreover, EFG argues that NRP must disclose who NRP called on behalf of EFG, and until that disclosure, EFG would be guessing as to the documents responsive to Request No. 30.

The Court accepts the representation made subject to Fed. R. Civ. P. 11 that EFG does not have knowledge of the proposed class members and is unable to respond to Request No. 30 as to the proposed class member. The Court finds that Request No. 30 is not limited to telephone calls made by NRP on behalf of EFG. Therefore, Request No. 30 is overbroad, and the Court will deny the Motion to Compel as to Request No. 30.

**Request No. 36**

All Documents and ESI You provided to any state, federal or other government agency related [t]o National Repair in response to any request or investigation.

(Doc. 28 at 20).

Plaintiff argues for the same reasons as stated in Request No. 22, EFG should be compelled to provide documents responsive to Request No. 36. EFG argues that Request No. 36 is overbroad because it has no temporal limitation, and the only relevant time period to establish notice would be prior to the telephone calls being made to Plaintiff. EFG also argues that Request No. 36 should be limited to TCPA investigations of NRP and information relating to other investigations is not relevant to a claim or defense in this case. As in Request No. 22, EFG is willing "to identify any allegation of a TCPA violation made by a potential customer against NRP and EFG to the extent EFG was aware of such claim within three years prior to the calls purportedly made to Plaintiff that are the subject of this lawsuit." (Doc. 32 at 21). The Court finds that Request No. 36 is overbroad because it is not limited to violations of the TCPA. Therefore, the Court will deny the Motion to Compel as to Request No. 36, but will require EFG to produce the documents it has offered to produce dated within the expanded time period from August 3, 2011 through the date the purported calls were made, within fourteen (14) days from the date of this Order.

**Request No. 37**

All Documents and ESI You provided to any state, federal

 © 2017 Thomson Reuters. No claim to original U.S. Government Works. 

> or other government agency in response to any request or investigation into Your business practices, including all Documents You provided to the Florida Attorney General in 2013 and 2014.

(Doc. 28 at 20).

Plaintiff argues for the same reasons as stated in Request No. 22, EFG should be compelled to provide responsive documents. EFG argues that Request No. 37 is overly broad. The Court finds that Request No. 37 is overbroad because it is requesting all documents provided to any government agency in response to any investigation. As in Request No. 22, EFG is willing "to identify any allegation of a TCPA violation made by a potential customer against NRP and EFG to the extent EFG was aware of such claim within three years prior to the calls purportedly made to Plaintiff that are the subject of this lawsuit." (Doc. 32 at 23). Therefore, the Court will deny the Motion to Compel as to Request No. 37, but will require EFG to produce the documents it has offered to produce dated within the expanded time period from August 3, 2011 through the date the purported calls were made, within fourteen (14) days from the date of this Order.

***10 Interrogatory No. 5**

> If You contend that You (and/or any Persons acting on Your behalf or through contractual arrangements with You, including National Repair) had prior express invitation or permission to place Telephone Calls to Plaintiff or any Member of the Proposed Class, Describe with particularity the means by which You (and/or any Persons acting on Your behalf or through contractual arrangements with You) obtained such prior express invitation or permission and Identify all Documents that support Your contention.

(Doc. 28 at 21).

Plaintiff argues that if EFG is asserting an affirmative defense of consent, then it should be compelled to state that it is asserting this defense and explain its position in that regard. EFG argues that contention interrogatories are disfavored and that Interrogatory No. 5 is a contention interrogatory. Moreover, EFG asserts that Interrogatory No. 5 is overbroad, burdensome, seeking information that is not relevant, and is not limited to a set time period. EFG claims that any information as to third-party telemarketers, other than NRP is not relevant. EFG also argues that any information related to proposed class members who receive telephone calls from NRP on behalf of EFG is in the possession, custody and control of NRP, and EFG does not know who NRP called on its behalf.

Pursuant to Rule 33, "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2). However, in the Middle District of Florida,

> [i]nterrogatories that generally require the responding party to state the basis of particular claims, defenses, or contentions in pleadings or other documents should be used sparingly and, if used, should be designed (1) to target claims, defenses, or contentions that the propounding attorney reasonably suspects may be the proper subject of early dismissal or resolution or (2) to identify and narrow the scope of unclear claims, defenses, and contentions. Interrogatories that purport to require a detailed narrative of the opposing parties' case are generally improper because they are overbroad and oppressive.

Middle District Discovery (2015) at 17. Thus, contention interrogatories are somewhat disfavored in the Middle District of Florida. *See* *Oliver v. City of Orlando*, No. 606CV-1671-ORL-31DAB, 2007 WL 3232227, at *4 (M.D. Fla. Oct. 31, 2007). In this case, however, it is not the nature of the contention interrogatory that is objectionable, but rather, it is that EFG is unable to respond to this Interrogatory No. 5 because—according to the uncontroverted representation of EFG—the information as to whom NRP called in the possession of NRP. Therefore, the Court will deny the Motion to Compel as to Interrogatory No. 5.

**Interrogatory No. 11**

> Identify all consumer complaints, government investigations, and lawsuits made or filed against You (and/or any Persons acting on Your behalf or through contractual arrangements with You) Related to the marketing of Your products and/or services.

***11** (Doc. 28 at 23).

Plaintiff argues that whether EFG was aware that third-party telemarketers were soliciting on its behalf and violating the law is relevant to whether EFG is vicariously liable for such calls. EFG argues that Interrogatory No. 11 is overbroad, burdensome, and vague. The Court finds Interrogatory No. 11 overbroad in that it is not limited to TCPA violations and is not limited to NRP. The Court will deny the Motion to Compel as to Interrogatory No. 11.

Accordingly**, IT IS HEREBY ORDERED:**

For the reasons stated in the record above, the Motion to Compel (Doc. 28) is **DENIED** as stated above.

**DONE AND ORDERED** in Fort Myers, Florida on July 27, 2016.

**All Citations**

Slip Copy, 2016 WL 9110357

**End of Document**

© 2017 Thomson Reuters. No claim to original U.S. Government Works.