**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

**Case No. 0:17-cv-61125-COOKE/GOODMAN**

TRUDY REYNOLDS, individually and on behalf of all others similarly situated,

Plaintiff,

v.

USHEALTH GROUP, INC., a Delaware corporation; USHEALTH ADVISORS, LLC, a Texas limited liability company; MICHAEL SMOOT, individually; FLOYD T. HERNDON, individually and DONALD DENTE, individually,

Defendants.

**AMENDED STATEMENT OF CLAIM**

Plaintiff, Trudy Reynolds, through the undersigned counsel and pursuant to this Court's Order of June 26, 2017 [ECF No. 6], makes the following Amended Statement of Claim:

**A. Conduct Complained Of:**

Plaintiff alleges that Defendant Michael Smoot ("Defendant Smoot") sent her and other potential class members automated telemarketing calls without her prior express written consent. Defendant Smoot was hired to do so by Mr. Herndon acting on behalf of USHealth Advisors, LLC ("USHealth"), a marketing subsidiary of USHealth Group, Inc. ("USHealth Group"). Mr. Herndon's immediate superior at USHealth was Mr. Dente who knew of and acquiesced to the hiring of Mr. Smoot by Mr. Herndon. At all relevant times, Mr. Herndon, Mr. Dente and USHealth, acting as the marketing arm of US Health Group, knew that Mr. Smoot would be generating business via telemarketing and controlled and directed Mr. Smoot's efforts.

Plaintiff has brought this suit on behalf of a proposed nationwide class of other persons who received illegal telephone calls. The call to Plaintiff was transmitted using technology capable of generating thousands of similar calls per day. Defendant Smoot's strategy for increasing the volume of potential customers involved the use of an automatic telephone dialing system ("ATDS") equipment and automated and prerecorded messages to solicit business. This strategy of using an ATDS system and prerecorded telemarketing campaigns to solicit business was determined to be a cost-effective way to reach as many new potential customers as possible, while saving the costs of having live telemarketers contact each individual. However, using this technology without the prior express written consent of the call recipients is a violation of 47 U.S.C. § 227(b)(1)(A).

In order to obtain the telephone numbers that were sent pre-recorded telemarketing calls using an ATDS, Defendant Smoot purchased the telephone numbers from ZM Marketing, a California company. However, ZM Marketing is simply a data aggregator and did not obtain anyone's prior express written consent to make telemarketing calls for the information it sells. Defendant Smoot used a predictive dialer to make the pre-recorded calls and such calls were transmitted over a Voice Over Internet Protocol platform provided by Blu-Shift Wireless, LLC.

**B. Relief Requested:**

This is an action for damages under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. The TCPA provides for damages in an amount totaling the greater of actual monetary loss or $500 for each violation of the statute. 47 U.S.C. § 227(b)(3)(B). However, a plaintiff may recover treble damages if a defendant willfully or knowingly violated the statute or regulations promulgated under § 227(b). Id. § 227(b)(3). While neither the TCPA nor FCC regulations provide a definition for willful and knowing, most courts have interpreted

the willful or knowing standard to require only that a party's actions were intentional, not that it was aware that it was violating the statute. *See e.g., Alea London Ltd. v. American Home Services, Inc.*, 638 F. 3d 768, 776 (11th Cir. 2011) (holding that the TCPA requires mere "knowing" conduct).

Plaintiff, on behalf of herself and all others similarly situated, seeks an order certifying this action to proceed as a class action pursuant to Fed. R. Civ. P. 23, and judgment against Defendants pursuant to 47 U.S.C. § 227(b)(3) of $500 for each violation of the statute, and $1,500 for each violation found to be willful or knowing.

**C. Reasons Therefore:**

The TCPA prohibits calls to certain telephone numbers, including cellular telephone numbers, using an “automatic telephone dialing system,” except in an emergency or with the recipient's “prior express consent.” 47 U.S.C. § 227(b)(1). The Federal Communications Commission (“FCC”), tasked with instituting implementing regulations for the TCPA, added an express written consent requirement in the case of messages “that include[] or introduce[] an advertisement or constitute[] telemarketing,” which went into effect on October 16, 2013. See 47 C.F.R. § 64.1200(a)(2).

Plaintiff is one such individual whose cellular phone number was sold by ZM Marketing to the Defendant Smoot and who subsequently received, without her consent, automatically dialed telemarketing pre-recorded calls to her cellular telephone. Because all of the Defendants, while working together to increase USHealth sales, purchased this data and then proceeded to send unsolicited telemarketing pre-recorded telemarketing calls to those individuals using automatic telephone dialing equipment, all Defendants have violated the TCPA and Plaintiff, and the putative class, are entitled to relief with respect to all Defendants.

Respectfully submitted,

Dated: October 23, 2017

/s/ Scott D. Owens

Scott D. Owens (No. 597651)
Patrick C. Crotty (No. 108541)
3800 South Ocean Drive, Suite 235
Hollywood, Florida 33019
Telephone: (954) 589-0588
Facsimile: (954) 337-0666
Email: scott@scottdowens.com
Email: patrick@scottdowens.com

Beth E. Terrell, *Pro Hac Vice*
Jennifer Rust Murray, *Subject to Pro Hac Vice*
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 350-3528
Email: bterrell@terrellmarshall.com
Email: jmurray@terrellmarshall.com

Matthew P. McCue, Esq., *Subject to Pro Hac Vice*
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, Massachusetts 01760
Telephone: (508) 655-1415
Facsimile: (508) 319-3077
Email: mmccue@massattorneys.net

Edward A. Broderick, Esq., *Pro Hac Vice*
Broderick & Paronich, P.C.
99 High Street, Suite 304
Boston, MA 02110
Tel: (617) 738-7080
Fax: (617) 830-0327
email: ted@broderick-law.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 23, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that Defendants Dente and Smoot have not been served with the summons and complaint yet, but will be served with the same materials once located.

By: s/ Scott D. Owens
Scott D. Owens, Esq.